■ ROBERT RYAN et al., Respondents, v ARROW LEASING CORP., Doing Business as HANDY RENT-ALL CENTER, Respondent, and GROUND HOG, INC., Appellant. [688 NYS2d 638] —In an action to recover damages for personal injuries, etc., the defendant Ground Hog, Inc., appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated November 17, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and granted the plaintiffs' cross motion to compel discovery.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied as academic, the complaint and all cross claims insofar as asserted against the defendant Ground Hog, Inc., are dismissed, and the action against the remaining defendant is severed.

On November 24, 1995, the plaintiff Robert Ryan rented a one-man post-hole digger from the defendant Arrow Leasing Corp., d/b/a Handy Rent-All Center (hereinafter Arrow). While using the machine, Ryan was allegedly injured when his clothing became caught on a bolt which was used to attach the two components of the post-hole digger. The bolt, which was too long for the machine and protruded more than two inches, had been substituted by Arrow for the clevis pin which was provided by the manufacturer, the defendant Ground Hog, Inc. (hereinafter Ground Hog). Ryan and his wife subsequently commenced this action against Arrow and Ground Hog alleging theories of negligence, strict products liability, and breach of warranty. The Supreme Court denied Ground Hog's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We reverse.

Ground Hog established its entitlement to summary judgment dismissing the plaintiffs' negligence and strict products liability causes of action by demonstrating that Ryan's injuries were not caused by any design defect, as alleged by the plaintiffs, but rather, were attributable to Arrow's substitution of a bolt for the clevis pin supplied by Ground Hog. The plaintiffs failed to come forward with evidence sufficient to raise a triable issue of fact as to whether the post-hole digger was "not reasonably safe" when it left Ground Hog's hands (*see, Denny v Ford Motor Co.,* 87 NY2d 248, 257) or whether

any alleged defective design was a proximate cause of Ryan's injuries. The substitution of the improper size bolt for the clevis pin was a material modification for which Ground Hog is not liable in either strict products liability or negligence (*see, Robinson v Reed-Prentice Div.,* 49 NY2d 471; *Mackney v Ford Motor Co.,* 251 AD2d 298). The post-hole digger was not purposefully manufactured to permit its use with other parts. Rather, it was designed so that different sized augers could be attached to the machine (*see, Lopez v Precision Papers,* 67 NY2d 871; *Mackney v Ford Motor Co., supra; Ayala v V & O Press Co.,* 126 AD2d 229). The manual for the post-hole digger specified that the clevis pin should be used to attach the two components, satisfying any duty it may have had to warn about substitution (*see, Liriano v Hobart Corp.,* 92 NY2d 232).

Ground Hog also established that the post-hole digger was fit for its ordinary use. The plaintiffs failed to demonstrate that the post-hole digger was unfit for use when it was put into the stream of commerce (*see, Denny v Ford Motor Co., supra*). Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.