■ NONADAI DAYAL, Appellant, v COINMACH INDUSTRIES Co. et al., Respondents, and GENERAL ELECTRIC COMPANY, Appellant. [727 NYS2d 412] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered July 11, 2000, which, in an action for personal injuries caused by an allegedly defective washing machine, denied defendant-appellant manufacturer's motion for summary judgment on its cross claim for common-law indemnification against defendants-respondents owners of the machine and operators of a laundry room, and denied plaintiff's cross motion pursuant CPLR 3126 to strike respondents' answer, unanimously affirmed, without costs.

Both motions are based on respondents' failure to preserve the subject washing machine. Within days of the accident, plaintiff brought a pre-action CPLR 3102 (c) application and obtained a temporary restraining order prohibiting respondents from removing or disassembling the machine. Plaintiff and respondents then entered into a so-ordered stipulation providing, *inter alia*, for plaintiff's inspection of the machine within three weeks of the accident and for the termination of the temporary restraining order once such inspection took place. Given this agreement, and since plaintiff did not indicate at or about the time of her inspection that a further inspection was needed, the evidence was properly preserved at least as to her. We reject plaintiff's argument that a waiver of her right to inspect the machine in the context of the instant action should not be read into a pre-action stipulation that was meant only as an aid in bringing the action and that allowed for only a "cursory," visual examination and no disassembling of parts.

Inasmuch as the stipulation also provided that any parts respondents had already removed from the machine were to be "preserved for trial," and that respondents were also to preserve the machine's maintenance records, it is clear that the stipulated inspection was indeed intended to satisfy plaintiff's right of inspection in the anticipated personal injury action.

Nor does respondents' disposal of the machine warrant summary judgment in favor of the manufacturer on its cross claim against respondents for common-law indemnification. As against the manufacturer, plaintiff's theory is that the machine was defectively designed, a theory that will not necessarily require inspection of the particular machine that occasioned plaintiff's injuries (*see*, *Squitieri v City of New York*, 248 AD2d 201, 203, citing *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 175). As the motion court held, the nature and extent of any prejudice to the manufacturer attributable to the disposal of the machine should await trial. Concur—Sullivan, P. J., Nardelli, Ellerin, Buckley and Marlow, JJ.