■ KEVIN FRASER, Appellant-Respondent, v STIHL INCORPORATED et al., Respondents, and FREEPORT EQUIPMENT SALES & RENTALS, INC., Respondent-Appellant. (And a Third-Party Action.) [730 NYS2d 124] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated May 5, 2000, as granted that branch of the motion of the defendants Stihl Incorporated and Andreas Stihl which was for summary judgment dismissing the amended complaint insofar as asserted against them, and denied that branch of his motion which was to strike the answers of those defendants, and the defendant Freeport Equipment Sales & Rentals, Inc., cross-appeals, as limited by its brief, from so much of the same order as granted that branch of the motion of the defendants Stihl Incorporated and Andreas Stihl which was for summary judgment dismissing the cross claims against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs.

The plaintiff allegedly was injured when a gasoline-powered saw he was using kicked back. The saw, which was manufactured by the defendant Andreas Stihl and distributed by the defendant Stihl Incorporated (hereinafter referred to collectively as the Stihl defendants), was designed to cut masonry products. The plaintiff's employer purchased the saw from the defendant Freeport Equipment Sales & Rentals, Inc. (hereinafter Freeport). Prior to the plaintiff's use of the saw, his employer attached a carbide-tipped blade to it to use the saw to cut wood, despite warnings that the use of such a blade in the saw would lead to a kick-back.

The Stihl defendants established their entitlement to judgment as a matter of law. In a strict products liability case, a manufacturer may not be found at fault where, after the product leaves its possession and control, there is a subsequent modification which "substantially alters the product and is the proximate cause of the plaintiff's injuries" (*Robinson v Reed-Prentice Div.,* 49 NY2d 471, 475). In opposition, the plaintiff failed to raise a triable issue of fact.

The remaining contentions of the plaintiff and Freeport are either academic or without merit. O'Brien, J. P., Altman, Feuerstein and Cozier, JJ., concur.