■ CHRISTOPHER DISHAW et al., Appellants, v FORD MOTOR COMPANY et al., Respondents. (And Third-Party Actions.) [755 NYS2d 657] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Lally, J.), dated December 4, 2001, which granted the respective motions of the defendant Ford Motor Company and the defendant Malvese Tractor & Implement Co., Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The injured plaintiff was hurt when a portion of a drive shaft from the post-hole digger alongside of which he was standing flew out from the machinery and struck his arm. The injured plaintiff, and his wife, derivatively, commenced this action against Ford Motor Company (hereinafter Ford) and Malvese Tractor & Implement Co., Inc. (hereinafter Malvese), the respective manufacturer and the supplier of the machinery. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motions and the plaintiffs appeal. We affirm.

Ford and Malvese each made a prima facie showing of

entitlement to summary judgment dismissing the complaint by demonstrating that the machinery was substantially modified after it left their control (*see Fraser v Stihl Inc.,* 286 AD2d 661, 662 [2001]; *Scardefield v Telsmith Inc.,* 267 AD2d 560, 561-562 [1999]; *Ryan v Arrow Leasing Corp.,* 260 AD2d 565 [1999]; *Mackney v Ford Motor Co.,* 251 AD2d 298 [1998]; *see also Liriano v Hobart Corp.,* 92 NY2d 232, 238 [1998]; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 475 [1980]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see e.g. Zuckerman v City of New York,* 49 NY2d 557 [1980]).

The plaintiffs' remaining contentions are without merit. Krausman, J.P., Schmidt, Crane and Rivera, JJ., concur.