■ PAMELA VEGA et al., Respondents, v STIMSONITE CORPORATION et al., Appellant. [783 NYS2d 605]—

In an action, inter alia, to recover damages for personal injuries based on negligence, strict products liability, and breach of warranty, the defendant Stimsonite Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated January 13, 2003, as denied those branches of its motion which were for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against the defendant Stimsonite Corporation are granted, and the complaint is dismissed insofar as asserted against that defendant.

The plaintiff Joseph Kelly allegedly sustained burns to his feet while assisting in the operation of a road-marking machine manufactured by the defendant Stimsonite Corporation (hereinafter Stimsonite). The plaintiffs commenced this action against, among others, Stimsonite, inter alia, based on negligence, strict products liability, and breach of warranty. Stimsonite moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied those branches of the motion which were for summary judgment dismissing the causes of action based on negligence, strict products liability, and breach of warranty. We reverse insofar as appealed from.

Stimsonite was entitled to summary judgment dismissing the negligence and strict products liability claims because it demonstrated that the substitution of certain factory-equipped parts on the machine with certain other items was a material modification which proximately caused the alleged injuries (see Robinson v Reed-Prentice Div. of Package Mach. Co., 49 NY2d 471, 475 [1980]; Ryan v Arrow Leasing Corp., 260 AD2d 565, 566 [1999]). The plaintiffs failed to rebut that showing. The conclusion of the plaintiffs' expert that the machine was not modified was unsupported by any facts or data, and as such,

lacked probative value (see *Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124, 129 [2000]; *Hernandez v Biro Mfg. Co.,* 251 AD2d 375, 376 [1998]). Moreover, the manual for the machine specified that the manufacturer should be contacted if any servicing or replacement of parts was required, thus satisfying any duty Stimsonite may have had to warn about substitution (see *Liriano v Hobart Corp.,* 92 NY2d 232, 241 [1998]; *Ryan v Arrow Leasing Corp., supra*).

Stimsonite also established that the machine was fit for its ordinary use. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the machine was unfit for its use when put into the stream of commerce. Accordingly, Stimsonite was entitled to summary judgment dismissing the cause of action based on breach of warranty (see generally *Winckel v Atlantic Rentals & Sales,* 159 AD2d 124, 126 [1990]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.