■ ANTONIA RIOS et al., Respondents, v JOHNSON V.B.C., Defendant and Third-Party Plaintiff-Respondent-Appellant. NADEL INDUSTRIES, INC., Third-Party Defendant-Appellant-Respondent. [795 NYS2d 62]—

Motion by the defendant third-party defendant-appellant-respondent, in effect, for resettlement of a decision and order of this Court dated January 31, 2005 [14 AD3d 686], which determined appeals from a judgment and an amended judgment

of the Supreme Court, Westchester County, entered July 23, 2003, and October 15, 2003, respectively.

Upon the papers filed in support of the motion and no papers having been filed in opposition or relation thereto, it is

Ordered that the motion is granted to the extent that the decision and order of this Court dated January 31, 2005, is recalled and vacated, the following decision and order is substituted therefor, and the motion is otherwise denied: In an action, inter alia, to recover damages for personal injuries, etc., the defendant third-party defendant, Nadel Industries, Inc., appeals (1) from a judgment of the Supreme Court, Westchester County (DiBlasi, J.), entered July 23, 2003, and (2), as limited by its brief, so much of an amended judgment of the same court entered October 15, 2003, as is in favor of the defendant third-party plaintiff, Johnson V.B.C., and against it for indemnification in the total amount of the judgment in favor of the plaintiff Antonia Rios and against the defendant third-party plaintiff, Johnson V.B.C., and the defendant third-party plaintiff, Johnson V.B.C., cross-appeals from (1) the judgment entered July 23, 2003, which, upon granting the plaintiffs' motion for judgment as a matter of law pursuant to CPLR 4401 made upon close of the evidence, and upon a jury verdict on the issue of damages, is in favor of the plaintiff Antonia Rios and against it in the principal sum of $600,000, and (2) so much of the amended judgment entered October 15, 2003, as is in favor of the plaintiff and against it in the principal sum of $600,000.

Ordered that the appeal by the defendant third-party defendant, Nadel Industries, Inc., from the judgment entered July 23, 2003, is dismissed, as it is not aggrieved thereby (see CPLR 5511); and it is further,

Ordered that the cross appeal by the defendant third-party plaintiff, Johnson V.B.C., from the judgment entered July 23, 2003, is dismissed, as that judgment was superseded by the amended judgment entered October 15, 2003; and it is further,

Ordered that the amended judgment entered October 15, 2003, is reversed, on the law, the judgment entered July 23, 2003, is vacated, the claim of the defendant third-party plaintiff, Johnson V.B.C., for indemnification against the defendant third-party defendant, Nadel Industries, Inc., is dismissed, and the matter is remitted to the Supreme Court, Westchester County, for a new trial in accordance herewith, with costs to abide the event.

The Supreme Court erred in granting the plaintiffs' motion for judgment as a matter of law against the defendant third-party plaintiff, Johnson V.B.C. (hereinafter Johnson), on the is-

sue of liability, and in finding, in effect, that the injured plaintiff, Antonia Rios, was not at fault in the happening of the accident. A motion for judgment as a matter of law is appropriate only where the trial court finds that, upon the evidence presented, there is no rational process by which the trier of fact could base a finding in favor of the nonmoving party (*see Szczerbiak v Pilat,* 90 NY2d 553, 556 [1997]; *Hernandez v Two E. End Ave. Apt. Corp.,* 303 AD2d 556, 557 [2003]; *Holt v Welding Servs.,* 264 AD2d 562 [1999]; *Shpritzman v Strong,* 248 AD2d 524 [1998]). Here, the jury could have found that the alleged defect in the subject machine that caused the injured plaintiff's accident, as well as the danger against which Johnson failed to warn, allegedly arose from the alterations to the machine (*see Liriano v Hobart Corp.,* 92 NY2d 232 [1998]; *Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471 [1980]; *Vega v Stimsonite Corp.,* 11 AD3d 451, 452 [2004]; *Masiello v Efficiency Devices,* 6 AD3d 672, 673 [2004]; *Hernandez v Biro Mfg. Co.,* 251 AD2d 375, 376 [1998]).

Moreover, the trial court should have submitted the issue of the injured plaintiff's comparative fault to the jury as "comparative negligence is a jury question in all but the clearest cases" (*O'Neill v Mildac Props.,* 162 AD2d 441, 443 [1990]).

Finally, with respect to the issue of the alleged spoliation of evidence by the defendant third-party defendant, Nadel Industries, Inc. (hereinafter Nadel), we disagree with the Supreme Court's conclusion that Johnson demonstrated sufficient prejudice as a result of the postaccident alterations Nadel made to the subject machine to justify indemnification in Johnson's favor and against Nadel. In cases alleging design defects, such as the instant action, the loss of the specific instrumentality that allegedly caused the plaintiff's injuries is not automatically prejudicial to the manufacturer thereof because defects will be exhibited by other products of the same design (*see Klein v Ford Motor Co.,* 303 AD2d 376, 378 [2003]; *Dayal v Coinmach Indus. Co.,* 284 AD2d 206 [2001]). Thus, indemnification is not warranted in light of the facts that the injured plaintiff had ample opportunity to inspect the subject machine, that Johnson had photographs of it which were taken at the time of its delivery to Nadel, that the injured plaintiff took photographs of the machine after her accident, and that there existed a videotape of the subject machine in use (*see Klein v Ford Motor Co., supra*). H. Miller, J.P., Luciano, Rivera and Lifson, JJ., concur.