■ GENERAL SECURITY INSURANCE COMPANY, as Subrogee of SUGAR REEF, Doing Business as GLOBAL 33, Respondent, v ELIAHU NIR, Defendant, and BUCKMILLER AUTOMATIC SPRINKLER CORP. et al., Defendants and Third-Party Plaintiffs-Appellants. SUGAR REEF INC., Doing Business as GLOBAL 33, Third-Party Defendant-Respondent, et al., Third-Party Defendant. [858 NYS2d 18]—

Order, Supreme Court, New York County (Debra A. James, J.), entered March 1, 2007, which denied the cross motion of defendants/third-party plaintiffs Buckmiller and Petzvel for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, with costs.

A fire in 2000 caused extensive damage to the insured-lessee's restaurant. It was alleged that the sprinkler system installed by defendant Buckmiller in 1990 was defective and/or not properly inspected by defendant Petzvel, pursuant to a 1999 inspection agreement. Plaintiff insurer was subrogated to its insured's rights after it made payment on the insured's claim. Plaintiff's negligence action was timely commenced against defendants in February 2003. While the relationship between the parties had its genesis in contract, the nature of the contracted-for services at issue had a significant impact on the public interest, giving rise to a duty of reasonable care independent of contractual obligations that would be more time-bound to a date of breach (*see Sommer v Federal Signal Corp.*, 79 NY2d 540, 552-553 [1992]; *Trustees of Columbia Univ. in City of N.Y. v Gwathmey Siegel & Assoc. Architects*, 192 AD2d 151 [1993]). Deposition testimony from the principal of both defendants, combined with, inter alia, the fire sprinkler inspection observations of plaintiff's expert, raise issues of fact whether the sprinkler system was negligently installed and/or maintained by defendants.

Defendants' spoliation argument was properly rejected. They had an opportunity to inspect the fire-damaged premises on several occasions, and did so. Plaintiff promptly notified defendants formally of its intent to seek indemnification based on the allegedly faulty sprinkler system. Plaintiff's letter also advised that the sprinkler system would be disassembled, and expressly requested that defendants respond so a mutual date for disassembly and inspection could be arranged. Defendants' principal acknowledged receiving that letter, yet there is no assertion or evidence in the record that they ever responded. On this record, it can not be concluded that premature disposal of the sprinkler gave plaintiff an unfair advantage over defendants (*see e.g. Ifraimov v Phoenix Indus. Gas*, 4 AD3d 332 [2004]). The trial court can instruct the jury, if appropriate, as to adverse inferences, as well as the need to weigh plaintiff's explanation of how and why the sprinkler system is no longer available (*Tawedros v St. Vincent's Hosp. of N.Y.*, 281 AD2d 184 [2001]). Concur—Lippman, P.J., Saxe, Gonzalez and Nardelli, JJ.