■ CEZARY SIENKIEWICZ, Plaintiff, v 370/CPW OWNERS CORP. et al., Defendants/Third-Party Plaintiffs and Second Third-Party Plaintiffs-Respondents, et al., Defendant, et al., Third-Party Defendants. RYOBI TECHNOLOGIES, INC., et al., Second Third-Party Defendants-Appellants. [902 NYS2d 615]—

In an action, inter alia, to recover damages for personal injuries, the second third-party defendants Ryobi Technologies, Inc., Ryobi Ltd., and One World Technologies, Inc., appeal, as

limited by their brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated March 30, 2009, as denied that branch of their motion which was for summary judgment dismissing the second third-party complaint due to spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the branch of the appellants' motion which was for summary judgment dismissing the second third-party complaint due to spoliation of evidence. "Generally, striking a pleading is reserved for instances of willful or contumacious conduct . . . and the prejudice resulting from spoliation must be considered in determining whether such drastic action is necessary as a matter of elementary fairness" (*Dean v Usine Campagna*, 44 AD3d 603, 605 [2007]; *De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]). In cases alleging design defects, such as this second third-party action, the loss of the specific instrumentality that allegedly caused the plaintiff's injuries is not automatically prejudicial to the manufacturer thereof because defects will be exhibited by other products of the same design (*see Lichtenstein v Fantastic Mdse. Corp.*, 46 AD3d 762 [2007]; *Rios v Johnson V.B.C.*, 17 AD3d 654 [2005]; *Lawson v Aspen Ford, Inc.*, 15 AD3d 628 [2005]; *Klein v Ford Motor Co.*, 303 AD2d 376 [2003]). Here, the appellants failed to show that the negligent loss or destruction of the table saw involved in the plaintiff's accident severely prejudiced their ability to defend the second third-party action (*see Awon v Harran Transp. Co., Inc.*, 69 AD3d 889 [2010]). Rivera, J.P., Florio, Angiolillo and Lott, JJ., concur.