■ PFM PACKAGING MACHINERY CORP., Respondent, v ZMY FOOD PACKING, INC., et al., Appellants. [16 NYS3d 298]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated February 25, 2013, as granted those branches of the plaintiff's motion which were for summary judgment on the first, second, and third causes of action, and pursuant to CPLR 3211 (a) to dismiss the counterclaim alleging tortious interference with business relations asserted by the defendant ZMY Food Packing, Inc.

Ordered that the appeal by the defendants J&M Piping and Heating, Inc., and Joel Mendlovitz from so much of the order as granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss the counterclaim alleging tortious interference with business relations asserted by the defendant ZMY Food Packing, Inc., is dismissed, as they are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *see Altronix Corp. v Central Machining Specialties, Inc.*, 84 AD3d 991 [2011]). The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see El-Nahal v FA Mgt., Inc.*, 126 AD3d 667, 668 [2015]; *Dee v Rakower*, 112 AD3d 204, 208-209 [2013]; *Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc.*, 84 AD3d 122, 127 [2011]).

Here, in support of that branch of the plaintiff's motion which was for summary judgment on the first, second, and third causes of action, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In this regard, the plaintiff submitted the parties' agreement, which clearly set forth the terms thereof, as well as evidence that it had performed its obligations under the agreement, and that the defendants breached the agreement by failing to make the required payments, which resulted in damages to the plaintiff (*see AFA Protective Sys., Inc. v Orange Regional Med. Ctr.*, 128 AD3d 869 [2015]). In opposition thereto, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which

was for summary judgment on the first, second, and third causes of action.

Further, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 3211 (a) to dismiss the counterclaim alleging tortious interference with business relations asserted by the defendant ZMY Food Packing, Inc. (*see Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424-425 [1996]; *Kenneth H. Brown & Co., Inc. v Dutchess Works One-Stop Empl. & Training Ctr., Inc.*, 73 AD3d 984, 985 [2010]). Rivera, J.P., Dickerson, Hinds-Radix and Barros, JJ., concur.