■ JOSEPH CARIONE et al., Respondents, v DENNIS C. HICKEY, Appellant. [20 NYS3d 157]—

In an action to recover damages for breach of contract, the defendant appeals from an amended order of the Supreme Court, Suffolk County (Gazzillo, J.), dated August 4, 2014, which denied his motion for summary judgment dismissing the complaint.

Ordered that the amended order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiffs commenced this action to recover damages for breach of contract. The defendant moved for summary judgment dismissing the complaint, arguing that the parties did not enter into an enforceable contract. The Supreme Court denied the motion, concluding that there were triable issues of fact as to whether the parties had entered into an enforceable contract. The defendant appeals. We reverse.

"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*PFM Packaging Mach. Corp. v ZMY Food Packing, Inc.*, 131 AD3d 1029, 1030 [2015]). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (*Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *see Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). "[A] court cannot enforce a contract unless it is able to determine what in fact the parties have agreed to" (*Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp.*, 78 NY2d 88, 91 [1991]). Accordingly, "[i]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482 [1989]; *see generally* Restatement [Second] of Contracts § 33).

Here, the defendant established, prima facie, that he never agreed to the oral contract alleged in the complaint and that any representation that he made regarding his general desire to help the plaintiffs was too vague and indefinite to constitute an enforceable contract that is "reasonably certain in its material terms" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d at 482; *see Joseph Martin, Jr., Delicatessen v Schum-*

*acher*, 52 NY2d at 110-111; *JMF Consulting Group II, Inc. v Beverage Mktg. USA, Inc.*, 97 AD3d 540, 541-542 [2012]; *Rouzani v Rapp*, 203 AD2d 446, 447-448 [1994]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.

The defendant's remaining contention has been rendered academic in light of our determination. Mastro, J.P., Dickerson, Miller and Maltese, JJ., concur.