IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRIARCH PARTNERS, LLC, | § | |
| PATRIARCH PARTNERS VIII, | § | |
| LLC, PATRIARCH PARTNERS | § | No. 549, 2016 |
| XIV, LLC and PATRIARCH | § | |
| PARTNERS XV, LLC, | § | |
| | § | Court Below: |
| Defendants Below, | § | Court of Chancery |
| Appellants, | § | of the State of Delaware |
| | § | |
| v. | § | |
| | § | C. A. No. 12247 |
| ZOHAR CDO 2003-1, LLC, ZOHAR | § | |
| CDO 2003-1 LTD., ZOHAR II | § | |
| 2005-1 LLC, ZOHAR II 2005-1 | § | |
| LTD., ZOHAR III, LLC and ZOHAR | § | |
| III, LTD., | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: June 14, 2017
Decided: June 19, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **O R D E R**

This 19th day of June 2017, having considered this matter on the oral arguments and briefs of the parties, it appears to the Court that:

(1)    Pending before this Court is an appeal brought by Patriarch Partners, LLC and associated entities (collectively, "Patriarch") from the Court of Chancery's October 26, 2016 Memorandum Opinion[1] and November 3, 2016 Amended Order and

---

[1] Mem. Op., *Zohar CDO 2003–1, LLC v. Patriarch P'rs, LLC*, 2016 WL 6248461 (Del. Ch. Oct. 26, 2016).

Judgment,[2] ordering Patriarch to produce documents to Zohar CDO 2003-1, LLC and associated entities (collectively, the "Zohar Funds" or the "Funds"). Patriarch's obligation to produce the documents arose from a series of agreements pursuant to which Patriarch managed collateral held by the Funds (the "Collateral Management Agreements" or "CMAs"). Following Patriarch's resignation as collateral manager, the Zohar Funds sued Patriarch, seeking declaratory judgment and specific performance. The Court of Chancery found in the Funds' favor on both fronts, and Patriarch has appealed.

(2)    We AFFIRM on the basis of the Court of Chancery's Memorandum Opinion and Amended Order and Judgment. We address one issue, namely, Patriarch's argument that the Zohar Funds failed to prove their own performance and thus have failed to satisfy their burden of proof as to an essential element of their breach of contract claims under New York law.[3] In his Memorandum Opinion, the Vice Chancellor stated that the question of the Zohar Funds' performance "was not tried before me and I have no

---

[2] Am. Order and Judgment, *Zohar CDO 2003-1, LLC v. Patriarch P'rs, LLC*, 2016 WL 6561058 (Del. Ch. Nov. 3, 2016).

[3] The parties agree that New York law governs the contracts at issue in this appeal. Under New York law, "[t]he essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach." *Carione v. Hickey*, 20 N.Y.S.3d 157, 158 (N.Y. App. Div. 2015) (citation omitted), *leave to appeal denied,* 60 N.E.3d 1201 (N.Y. 2016). To be entitled to specific performance, a plaintiff must show, *inter alia*, that it is "ready, willing, and able to perform the contract and has fulfilled all of [its] duties to date[.]" *Lezell v. Forde*, 891 N.Y.S.2d 606, 612 (N.Y. Sup. Ct. 2009) (quoting *Delisi v. Mastros*, 799 N.Y.S.2d 159 (N.Y. Sup. Ct. 2004) (quoting 96 N.Y. JUR. 2d *Specific Performance* § 69)) (internal quotation marks omitted) (emphasis removed); *see also Sosa v. Acevedo,* 834 N.Y.S.2d 189, 189 (N.Y. App. Div. 2007) (holding that a plaintiff had demonstrated that he was ready, willing, and able to close a real estate transaction by "having transferred the necessary funds by check and wire transfer, copies of which were submitted on the motion, into his attorney's escrow account" (citation omitted)).

2

basis in this record to conclude one way or the other whether the Zohar Funds have wrongfully withheld payment from Patriarch for services rendered under the Patriarch CMAs."[4] He observed that the question was "squarely before a court in New York."[5]

(3)    Patriarch contends on appeal that, under New York law, plaintiffs were required to prove their own performance as an essential element of a breach of contract claim.   Patriarch argues that, because the Vice Chancellor held that he had "no basis" to rule on the Funds' obligation to pay Patriarch's fees, the Funds failed to meet their burden.   Further, Patriarch asserts that the Court of Chancery conflated Patriarch's counterclaims with an element that the Zohars had to prove affirmatively.   Patriarch asks that this Court reverse the specific performance ruling or, alternatively, remand for a determination of whether the Funds adequately performed.[6]

(4)    The Zohar Funds defend the Court of Chancery's specific performance ruling on two grounds.  *First*, they contend that the Vice Chancellor found that an April 1, 2016 letter written by Patriarch principal Lynn Tilton ("Tilton") constituted breach by Patriarch, and that this finding excuses the Funds' performance under the contract.[7]

---

[4] *Zohar CDO 2003–1*, 2016 WL 6248461, at *11.

[5] *Id.*

[6] *See* Opening Br. at 21-22.  Patriarch also contends in a footnote at the end of its Opening Brief that the court failed to rule whether the Funds had an adequate remedy at law.  Opening Br. at 42 n.27 (citations omitted).  That argument is waived.  *See* Del. Supr. Ct. R. 14(b)(vi)(A)(3).

[7] *See* Answering Br. at 19-20.   The Funds acknowledged at oral argument that the Vice Chancellor did not assign a date to Patriarch's breach.  *See* Oral Argument at 20:07, *Patriarch P'rs, LLC v. Zohar CDO 2003-1, LLC*, No. 549-2016 (Del. June 14, 2017), https://livestream.com/accounts/5969852/events/7476114/videos/158154383/player ("While the court didn't specifically find—make a legal conclusion that there was a breach of contract on April 1, it made a factual finding that leads inevitably to that conclusion.  . . . He didn't say, it was April 1 or April 6 or April 10 or June 10.  He just said that they didn't produce the documents.").

3

*Second*, the Zohar Funds contend that Patriarch failed to litigate the issue of the Zohar Funds' performance below.

(5)     Based upon our review of the record on appeal, we are convinced that the trial court did not misapprehend the elements of breach of contract under New York law. Rather, the Vice Chancellor, with input from the parties, narrowed the issues to be tried in the expedited proceedings and trial. The record fairly clearly suggests that the parties did not view the Funds' performance as an issue to be litigated at trial. The Vice Chancellor communicated to the parties that he would maintain a narrow focus and avoid making rulings that might impact the parties' disputes in other jurisdictions.[8] The Vice Chancellor also stated that the trial would focus on "the limited question" of Patriarch's obligations under the CMAs.[9] The manner in which Patriarch participated in framing the

---

[8] For example, on April 22, 2016, the entity that serves as Trustee for the Zohar Funds filed an action in interpleader in the Supreme Court of New York seeking declaratory judgment on whether Patriarch is entitled to fees the Funds' new collateral manager directed the Trustee to withhold. The Vice Chancellor was aware of this collateral litigation and expressed a desire to focus only on the issues necessary to resolve the dispute before him. *See, e.g.*, App. to Answering Br. at B108 (Telephone Conference on Zohar Entities' Mot. to Compel Disc. & Rulings of the Ct. at Tr. 24:16-23) ("I see this as a very focused dispute, and I am very mindful of not wandering into other areas of the parties' disputes for fear that doing so could actually affect the parties' litigation elsewhere by having the Court make certain findings or determinations here that really aren't necessary for deciding the issues that have been pled up in this complaint[.]"). As Patriarch's counsel acknowledged during post-trial argument, the question of the Funds' performance was "front and center in New York." He stated further that, "[i]n New York, this is a summary judgment issue, and to be honest, if we had a more extensive record, fully developed record in discovery—each side had three depositions and it's limited because of the expedited nature of the case, but in a full record, this is a summary judgment issue." App. to Opening Br. at A2027 (Tr. of Post-Trial Oral Arg. at Tr. 60:8-16).

[9] App. to Answering Br. at B107 (Telephone Conference on Zohar Entities' Mot. to Compel Disc. & Rulings of the Ct. at Tr. 23:18-24:4) ("[M]y intention is to stay focused on the contract dispute that has been pled that is, in my view, going to be the subject of a very focused trial. . . . And at the moment I don't even care that much what's happening with the trustee and the litigation regarding fees. I'm focused very much on document production obligations that are expressed in these agreements."); *see also id.* at B190 (Teleconference Disc. Issues at Tr. 38:11-

4

issues before the Court of Chancery reflects its understanding that the Funds' performance was not among the issues to be resolved in the expedited proceedings.

(6) No mention of the issue appears in the summary judgment briefing. To the limited extent the subject of the Funds' performance was discussed, Patriarch's briefs before the Court of Chancery presented the Funds' alleged nonperformance primarily as a defense.[10] Patriarch did not assert that the Funds could not affirmatively prove their own performance as required by New York law until its post-trial brief.[11]

(7) Moreover, the issue of the Zohar Funds' performance was raised directly in Patriarch's counterclaims,[12] and, as the Vice Chancellor noted, "Patriarch agreed to defer prosecution of its counterclaim until after its document production under the Patriarch CMAs was litigated."[13] The Vice Chancellor observed further that "Patriarch's counterclaim was not included in the Pretrial Stipulation and Order as an issue of fact or

---

13) ("I am going to be focused really here on the limited question of what do these contracts obligate the defendants to produce.").

[10] App. to Opening Br. at A470 (Defs.' Pre-Trial Br. at 3) ("Plaintiffs' April 20, 2016 breach of the contractual obligation to pay Patriarch all compensation accrued through the date of termination relieved Patriarch of any further contractual obligations[.]"); *id.* at A501 (Defs.' Pre-Trial Br. at 34) ("Under New York law, a party's material breach of an agreement relieves the non-breaching party of its obligation to perform pursuant to the same contract." (citations omitted)); *id.* at A501-02 (Defs.' Pre-Trial Br. at 34-35).

[11] *Id.* at A1942 (Defs.' Post-Trial Br. at 37) ("To prove a breach of contract, Plaintiffs must first demonstrate that they performed their own contractual obligations. Plaintiffs have failed to prove that essential element." (citations omitted)). The argument appears between a heading indicating that "Plaintiffs Failed To Perform Under The CMAs, Excusing Any Obligations Patriarch Had Thereunder" and a conclusion that, "[a]s a matter of New York law, Plaintiffs' prior, material breach excuses performance by Patriarch." *Id.* at A1942-43 (Defs.' Post-Trial Br. at 37-38). At post-trial argument, Patriarch stated that "it's black letter law that if the defendant establishes a prior breach by the plaintiff, it excuses performance by the defendant" and that "the plaintiff has come up with nothing to respond to this defense." *Id.* at A2023-24 (Tr. 56:16-57:7).

[12] *See id.* at A147-51 (Defs.' Answer to Verified Am. Compl. at 64-68) (alleging breach of contract claims against the Zohar Funds).

[13] *Zohar CDO 2003–1*, 2016 WL 6248461, at *11 n.107.

5

law to be litigated in this action and Patriarch's statement for relief in the Pretrial Stipulation and Order requested only that the Court dismiss the Zohar Funds' claims."[14] Indeed, the Pretrial Stipulation and Order provided that "[t]he non-expedited portions of this action are not addressed herein."[15]

(8)  Finally, we note that in his Order Denying Defendants' Motion for a Stay Pending Appeal, the Vice Chancellor noted that "the issue of whether the Zohar Funds were first to breach the Patriarch CMAs, thereby excusing Patriarch's performance under New York law . . . was not tried as part of the expedited trial in this case."[16]

(9)  Thus, we reject Patriarch's invitation to find fault with the trial court's post-trial decisions based upon what was obviously a decision by the parties as to how to frame and narrow the issues to be tried during the expedited phase of the proceedings. Patriarch's contention now that the trial court's rulings must be overturned for lack of proof as to the Funds' own performance comes too late.

---

[14] *Zohar CDO 2003-1*, 2016 WL 6248461, at *11 n.107.  Although the Funds raised the issue of their own performance in their Verified Amended Complaint and referred to a payment that had been escrowed (*see* App. to Opening Br. at A115), and although Patriarch denied that the Funds had performed and asserted that the Funds had breached by withholding payment, these issues were not identified in the pre-trial order as issues to be litigated.  Thus, we believe that *British Am. & E. Co. v. Wirth Ltd.*, 592 F.2d 75 (2d Cir. 1979) is distinguishable.  There, the Court of Appeals for the Second Circuit concluded that "[t]he record provides no basis for supposing that [the defendant] ever conceded performance by [the plaintiff] or waived the defense raised by the answer." *British Am.*, 592 F.2d at 79.  Here, by contrast, the trial court and the parties narrowed the issues for the expedited trial after the initial proceedings.

[15] App. to Opening Br. at A505 (Pretrial Stipulation and Order at 3).

[16] *Id.* at A2109 (Order Denying Defs.' Mot. for a Stay Pending Appeal at 3 n.1).

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Court of Chancery is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice: