Halcyon Constr. Corp. v Strong Steel Corp. (2021 NY Slip Op 06345)





Halcyon Constr. Corp. v Strong Steel Corp.


2021 NY Slip Op 06345


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-05953
 (Index No. 506653/16)

[*1]Halcyon Construction Corp., respondent, 
v
Strong Steel Corp., et al., appellants.


Guercio & Guercio, LLP, Farmingdale, NY (Christopher F. Mestecky of counsel), for appellants.
Sullivan P.C., New York, NY (Peter Sullivan of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Johnny L. Baynes, J.), dated March 20, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability on the first cause of action, which was to recover damages for breach of contract, and denied the defendants' cross motion to strike the complaint as a sanction for spoliation of evidence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the first cause of action, which was to recover damages for breach of contract, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.
In 2015, the plaintiff entered into a contract with the City of New York to do certain construction and installation work at the Wards Island Water Pollution Control Plant. To complete the project, the plaintiff was required to obtain four sets of stainless steel "stop planks," which would be used as barriers to prevent water from entering the plant's influent wastewater channels while the work was being done. The plaintiff entered into a contract with the defendant Strong Steel Door Corp., sued herein as Strong Steel Corp. (hereinafter Strong Steel), for the fabrication of the stop planks. Strong Steel provided the plaintiff with the stop planks in November 2015. The plaintiff alleged that one of the stop planks "buckled under the water pressure shortly after installation, and there was significant leakage into the channel."
After the plaintiff unsuccessfully attempted to have Strong Steel repair the stop planks, it commenced this action against Strong Steel and its president, the defendant Feng Qing Wei, also known as David Wei (hereinafter Wei), alleging that the stop planks were defective. The plaintiff moved for summary judgment on the issue of liability on its first cause of action, which was to recover damages for breach of contract. The defendants cross-moved to strike the complaint as a sanction for spoliation of evidence, asserting that the plaintiff had the allegedly defective stop planks repaired before the defendants could inspect them. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. The defendants appeal.
"To recover damages for breach of contract, a plaintiff must demonstrate the [*2]existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594; see Ramirez v Donado Law Firm, P.C., 169 AD3d 940, 943). Here, the plaintiff failed to proffer evidence in admissible form which demonstrated, prima facie, that the defendants breached the contract. An email message from an inspector hired by the City of New York, which indicated that the stop planks had been "rejected" because of faulty surface welding and other "safety concerns," constituted hearsay and was insufficient to satisfy the plaintiff's prima facie burden of establishing its entitlement to judgment as a matter of law (see United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651-652; Solomon v HSBC Bank USA, N.A., 185 AD3d 860, 863; GMP Fur Trade Fin., LLC v Brenner, 169 AD3d 649, 651). Moreover, two engineering reports submitted by the plaintiff were unsworn and thus not competent proof of the assertions made therein (see Peters v Colwell, 61 AD3d 729, 731; 1212 Ocean Ave. Hous. Dev. Corp. v Brunatti, 50 AD3d 1110, 1112). Accordingly, the Supreme Court should have denied the plaintiff's motion without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly denied the defendants' cross motion to strike the complaint as a sanction for spoliation of evidence. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (N.H.R. v Deer Park Union Free Sch. Dist., 180 AD3d 823, 824 [internal quotation marks omitted]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Sarris v Fairway Group Plainview, LLC, 169 AD3d 734, 736). "The Supreme Court is empowered with broad discretion in determining the appropriate sanction for spoliation of evidence" (Sarris v Fairway Group Plainview, LLC, 169 AD3d at 736 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in denying the defendants' cross motion to strike the complaint. The defendants had the opportunity to inspect the stop planks prior to any alterations being made to them. Indeed, in his affidavit submitted in support of the cross motion, Wei acknowledged that he visited the water treatment plant and inspected the stop planks on January 15, 2016. In his opinion, "there was no problem with the welding," and any malfunction of the stop planks was the result of "improper installation by [the plaintiff]." It is undisputed that, at that time, no repairs had been made to any of the stop planks. The plaintiff thereafter informed the defendants that it would repair the allegedly defective stop planks if they did not come inspect and repair the stop planks, but the defendants failed to avail themselves of the opportunity to do so, until after at least four of the stop planks had been altered. Accordingly, the defendants were not deprived of an opportunity to inspect the stop planks prior to alterations being made to them, and the court providently exercised its discretion in denying the defendants' cross motion (see Markel Ins. Co. v Bottini Fuel, 116 AD3d 1143, 1144-1145; General Sec. Ins. Co. v Nir, 50 AD3d 489, 490).
DILLON, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court