Auguste v Edlund Co., LLC (2023 NY Slip Op 00837)

Auguste v Edlund Co., LLC

2023 NY Slip Op 00837

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-00851
 (Index No. 504582/13)

[*1]Michelle Auguste, respondent,
v
Edlund Company, LLC, et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker, LLP, New York, NY (Patrick J. Lawless of counsel), for appellant Edlund Company, LLC.
Eustace, Marquez, Epstein, Prezioso & Yapchanyk, New York, NY (Vacharaesorn Vivacharawongse of counsel), for appellant 120 Kimball Corporation.
Roytblat & Kalant, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Edlund Company, LLC, and the defendant 120 Kimball Corporation separately appeal from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated November 26, 2019. The order denied the motion of defendant Edlund Company, LLC, for summary judgment dismissing the amended complaint insofar as asserted against it, or, in the alternative, to strike the amended complaint pursuant to CPLR 3126, and denied the cross-motion of the defendant 120 Kimball Corporation to strike the amended complaint pursuant to CPLR 3126.
ORDERED that the order is affirmed, with one bill of costs to the respondent.
In July 2012, the plaintiff allegedly was injured during the course of her employment as a cook at Rikers Island when a commercial can opener malfunctioned, causing injury to her right thumb. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the defendants Edlund Company, LLC (hereinafter Edlund), and 120 Kimball Corporation (hereinafter 120 Kimball), the alleged manufacturers of the can opener. The plaintiff testified at her deposition that the can opener was one of three identical can openers in use in the kitchen at Rikers Island. In March 2018, an inspection of the kitchen at Rikers Island was conducted, and it was discovered that the can opener which allegedly caused the plaintiff's injuries could not be located and that it had possibly been destroyed.
Edlund subsequently moved for summary judgment dismissing the amended complaint insofar as asserted against it, or, in the alternative, to strike the amended complaint pursuant to CPLR 3126 on the ground of spoliation of evidence. 120 Kimball cross-moved to strike the amended complaint pursuant to CPLR 3126 on the ground of spoliation of evidence. The Supreme Court denied the motion and the cross-motion, and the defendants separately appeal.
The Supreme Court is empowered with broad discretion in determining the [*2]appropriate sanction for spoliation of evidence (see Phelps-Vachier v Genovese Drug Stores, Inc., 207 AD3d 582, 584; Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d 898, 900; C.C. v A.R., 192 AD3d 654, 656-657). Here, the court did not improvidently exercise its discretion in denying that branch of Edlund's motion which was to strike the amended complaint on the ground of spoliation of evidence, and in denying 120 Kimball's cross-motion to strike the amended complaint on the same ground. The defendants failed to show that the plaintiff had control over the can opener, that she possessed an obligation to preserve it at the time of its loss or destruction, or that she lost or destroyed it (see Milazzo v Best Mkt., 207 AD3d 535, 537; Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793; Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d at 900). Where, as here, "'a party did not discard crucial evidence in an effort to frustrate discovery, and cannot be presumed to be responsible for the disappearance of such evidence, spoliation sanctions are inappropriate'" (Crosbie v KBC Food Corp., 190 AD3d 684, 686, quoting Cordero v Mirecle Cab Corp., 51 AD3d 707, 709; see Eremina v Scparta, 120 AD3d 616, 618; Shay v Mozer, Inc., 80 AD3d 687, 688).
Furthermore, in cases alleging design defects, the loss of the specific instrumentality that allegedly caused the plaintiff's injuries is not automatically prejudicial to the manufacturer thereof because defects will be exhibited by other products of the same design (see Sienkiewicz v 370/CPW Owners Corp., 74 AD3d 781, 782; Rios v Johnson V.B.C., 17 AD3d 654, 656; Lawson v Aspen Ford, Inc., 15 AD3d 628, 629). The defendants failed to show that the loss or destruction of the can opener involved in the plaintiff's accident severely prejudiced their ability to defend the action (see Sienkiewicz v 370/CPW Owners Corp., 74 AD3d at 782).
In addition, Edlund failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. "To succeed on a motion for summary judgment involving a claim for strict products liability, a defendant must show, prima facie, that its product was not defective or that there were other causes of the accident not attributable to it" (Kammerzell v Clean Burn, Inc., 165 AD3d 769, 770 [internal quotation marks omitted]). Edlund contends that the plaintiff failed to establish that it manufactured the can opener. The identity of the manufacturer of a defective product may be established by circumstantial evidence. Moreover, circumstantial evidence may sufficiently demonstrate the maker's identity, notwithstanding the destruction of the allegedly defective product after use. Here, the circumstantial evidence of the identity of the manufacturer of the subject can opener presented by Edlund's submissions established that it was reasonably probable, not merely possible or evenly balanced, that Edlund was the manufacturer of the can opener (see Healey v Firestone Tire & Rubber Co., 87 NY2d 596, 601-602; Tyminskyy v Sand Man Bldg. Materials, Inc., 168 AD3d 1118; Otis v Bausch & Lomb, 143 AD2d 649). In addition, Edlund failed to demonstrate, prima facie, that the can opener was not defective or that there were other causes of the accident not attributable to it (see Kammerzell v Clean Burn, Inc., 165 AD3d at 770; Montemarano v Atlantic Express Transp. Group, Inc., 123 AD3d 675, 675; Mincieli v Pequa Indus., Inc., 56 AD3d 627, 628). Since Edlund failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it, the Supreme Court properly denied that branch of its motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court