Britt Realty, LLC v 30 Vernon, LLC (2023 NY Slip Op 03902)

Britt Realty, LLC v 30 Vernon, LLC

2023 NY Slip Op 03902

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-05075
 (Index No. 715119/18)

[*1]Britt Realty, LLC, respondent, 
v
30 Vernon, LLC, appellant.

Bradley S. Gross, New York, NY, for appellant.
Smith, Gambrell & Russell, LLP, New York, NY (Michael R. Glanzman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from a judgment of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered June 22, 2020. The judgment, upon an order of the same court entered June 15, 2020, granting the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims, is in favor of the plaintiff and against the defendant in the total sum of $146,148.56.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint and dismissing the defendant's affirmative defenses and counterclaims is denied, and the order is modified accordingly.
This action arises from a contract dispute between Britt Realty, LLC (hereinafter the plaintiff), and 30 Vernon, LLC (hereinafter Vernon). Vernon was the owner of certain property located in Astoria (hereinafter the property). In 2013, Vernon retained the plaintiff as the general contractor on a construction project at the property (hereinafter the project). Silver Erectors, Inc. (hereinafter Silver Erectors), was one of the plaintiff's subcontractors on the project.
In August 2015, Silver Erectors filed a mechanic's lien against the property, claiming that it was owed $123,259.83 for the work it performed for the plaintiff on the project (hereinafter the SE lien). In November 2015, Silver Erectors commenced a lien foreclosure action against the plaintiff and Vernon, among others, to recover damages for the work it performed on the project (hereinafter the SE action).
In May 2016, the plaintiff and Vernon entered into a settlement agreement to resolve various claims arising out of the project, including the SE lien. As pertinent to this appeal, paragraph 3(e), under the section entitled "Settlement Payments," provides, in relevant part, that upon delivery by the plaintiff upon Vernon "documentation demonstrating that the mechanic's lien filed by Silver Erectors Inc. against the Property has been discharged of record, by bonding or otherwise," Vernon shall direct the "Bond Company" to pay the sum of $123,259.83 to the plaintiff. In the event that the Bond Company does not pay the plaintiff within 10 days, Vernon "shall pay [the plaintiff]" the sum. In the portion of the agreement entitled "Silver Erectors Lawsuit," paragraph 8 provides that the plaintiff "agrees at [the plaintiff's] sole cost and expense to defend and hold harmless [Vernon] [*2]against the claims alleged in the Silver Erectors Lawsuit, provided that such claims are not alleged to be the result of [Vernon's] acts or omissions."
In October 2018, the plaintiff commenced this action against Vernon to recover damages for breach of the settlement agreement. The complaint alleged, inter alia, that Vernon breached paragraph 3(e) of the settlement agreement by failing to issue a payment of $123,259.83 to the plaintiff upon the plaintiff's delivery of a satisfaction of the SE lien to Vernon.
Vernon interposed an answer, in which it asserted affirmative defenses and counterclaims. In its answer, Vernon alleged, inter alia, that the plaintiff breached its obligation to Vernon to defend and hold it harmless in the SE action. Vernon alleged that in or around June 2018, Vernon negotiated directly with Silver Erectors, settled the SE action and obtained a release in favor of itself and the plaintiff by paying $45,000 to Silver Erectors. Vernon alleged that its negotiations with Silver Erectors were "undertaken at [the plaintiff's request], and with its express knowledge, consent and approval." Vernon alleged, inter alia, that as a result of the plaintiff breaching its contractual obligation to defend and hold it harmless in the SE action, it is entitled to, among other things, the sum of $45,000 which it paid to Silver Erectors, along with attorneys' fees incurred.
In September 2019, the plaintiff moved for summary judgment on the complaint and dismissing Vernon's affirmative defenses and counterclaims. Vernon opposed the plaintiff's motion. In June 2020, the Supreme Court issued an order granting the plaintiff's motion for summary judgment on the complaint, and dismissing Vernon's affirmative defenses and counterclaims. The court thereafter entered a judgment, upon the order, in favor of the plaintiff and against the defendant in the total sum of $146,148.56. Vernon appeals from the judgment.
"To recover damages for breach of contract, a plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Klein v Signature Bank, Inc., 204 AD3d 892, 895 [internal quotation marks omitted]; see Halcyon Constr. Corp. v Strong Steel Corp., 199 AD3d 898; All Seasons Fuels, Inc. v Morgan Fuel & Heating Co., Inc., 156 AD3d 591, 594).
Here, the plaintiff failed to establish prima facie its performance under the settlement agreement, principally its obligation under paragraph 8 to defend and indemnify Vernon in the SE action. Moreover, with respect to Vernon's affirmative defenses and counterclaims, the plaintiff failed to establish, prima facie, that Vernon was not entitled to, inter alia, at least a set-off for the amounts it allegedly paid to negotiate and ultimately settle the SE action (see Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 627; cf. PFM Packaging Machinery Corp. v ZMY Food Packing, Inc., 131 AD3d 1029, 1030). Contrary to the Supreme Court's determination, Vernon's allegations that the plaintiff, in effect, approved and supported Vernon's efforts to negotiate and settle the SE action were not an improper attempt to prove a breach of an oral modification of the written settlement agreement, but, rather, relate to Vernon's allegations that the plaintiff failed to fulfill its obligation under paragraph 8 to defend and indemnify Vernon. As a result of that alleged breach, Vernon claims that it had to incur paying the sum of $45,000 to Silver Erectors to settle the SE action, as well as incurring additional attorneys' fees.
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint and dismissing Vernon's affirmative defenses and counterclaims, without regard to the sufficiency of Vernon's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court