■ DAVID BRUCE MCMAHAN, Respondent, v ELENA MCMAHAN, Appellant. [958 NYS2d 212]—

In a matrimonial action in which the parties were divorced by judgment dated July 20, 2009, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colangelo, J.), dated May 22, 2012, as denied, without a hearing, those branches of her motion which were to modify the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, so as to prohibit the plaintiff from relocating to Florida with the children, and to remove the attorney for the children.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a so-ordered stipulation entered into on the record on November 30, 2011, the parties agreed that the plaintiff would have sole legal and physical custody of the children and would be permitted to relocate with them to Florida in June 2012, at the end of the school year. In April 2012, the defendant moved, inter alia, to modify the stipulation so as to prohibit the plaintiff from relocating to Florida with the children.

We agree with the Supreme Court that the defendant failed to make a showing of a sufficient change in circumstances since the date on which she entered into the stipulation of settlement, such that modification of the agreement is necessary to ensure the best interests of the children (*see Sirabella v Sirabella*, 95 AD3d 1296 [2012]). Therefore, that branch of the defendant's motion which was to modify the stipulation so as to prohibit the plaintiff from relocating to Florida with the children was properly denied, without a hearing (*see Shapira v Shapira*, 283 AD2d 477, 478 [2001]).

That branch of the defendant's motion which was to remove the attorney for the children also was properly denied (*see Matter of Leichter-Kessler v Kessler*, 71 AD3d 1148, 1149 [2010]). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.