■ LANDOW AND LANDOW ARCHITECTS, LLP, Respondent, v MARVIN TENZER et al., Appellants, et al., Defendants. [25 NYS3d 361]—

In an action, inter alia, to recover damages for breach of contract, the defendants Marvin Tenzer, Tenzer & Lunin, LLP, Kingsbridge Heights Receiver, LLC, Premier Rehabilitation & Nursing Center, Douglaston Operating Co., LLC, and Kingsbridge Heights Rehabilitation & Care Center appeal from an order of the Supreme Court, Kings County (Toussaint, J.), dated February 26, 2014, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

The plaintiff commenced this action alleging that it entered into a contract pursuant to which the defendants Marvin Tenzer, Tenzer & Lunin, LLP, Kingsbridge Heights Receiver, LLC, Premier Rehabilitation & Nursing Center, Douglaston Operating Co., LLC, and Kingsbridge Heights Rehabilitation & Care Center (hereinafter collectively the Tenzer defendants) agreed to pay the sum of $160,000 for its architectural services

in connection with an application for the relocation and renovation of the Kingsbridge Heights Rehabilitation & Care Center. The plaintiff, inter alia, asserted causes of action sounding in breach of contract and quasi contract. The Tenzer defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion. We reverse.

The Tenzer defendants established their prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action by demonstrating that there was no meeting of the minds regarding material elements of the alleged agreement (*see Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp.*, 93 NY2d 584, 589 [1999]; *2004 McDonald Ave. Realty, LLC v 2004 McDonald Ave. Corp.*, 50 AD3d 1021, 1021-1022 [2008]; *Mainline Elec. Corp. v Pav-Lak Indus., Inc.*, 40 AD3d 939, 939 [2007]; *Miranco Contr., Inc. v Perel*, 29 AD3d 873, 873 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Tenzer defendants also established their prima facie entitlement to judgment as a matter of law dismissing the quantum meruit and unjust enrichment causes of action (*see Fulbright & Jaworski, LLP v Carucci*, 63 AD3d 487, 488 [2009]; *Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 108 [2002]; *Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146 [2011]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978, 978 [2006]).

Accordingly, the Supreme Court should have granted the Tenzer defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.