■ INVESTMENT RETRIEVERS, INC., Respondent, v ERNEST L. Fox, Appellant. [52 NYS3d 662]—In an action, in effect, to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated September 17, 2014, as denied that branch of his cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (*see Gawrych v Astoria Fed. Sav. & Loan*, 148 AD3d 681 [2017]; *Meyer v North Shore-Long Is. Jewish Health Sys., Inc.*, 137 AD3d 878, 879 [2016]; *Carione v Hickey*, 133 AD3d 811 [2015]). Here, in support of that branch of his cross motion which was for summary judgment dismissing the complaint, the defendant established his prima facie entitlement to judgment as a matter of law by showing that he did not enter into a "lease agreement" on an "Auto Finance line account" with the plaintiff's predecessor, Wells Fargo Bank, N.A., as alleged in the complaint (*see Brandeis Sch., Inc. v Yakobowicz*, 130 AD3d 850, 851 [2015]; *Moezinia v Ashkenazi*, 105 AD3d 920, 921 [2013]). However, in opposition, the plaintiff raised triable issues of fact, inter alia, as to whether the defendant

entered into an agreement and breached that agreement by failing to repay a debt due and owing in the sum of $86,271.68 (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied that branch of the defendant's cross motion which was for summary judgment dismissing the complaint.

The defendant's remaining contentions are either without merit or not properly before this Court. Rivera, J.P., Austin, Miller and Barros, JJ., concur.