Matter of Khost v Ciampi (2020 NY Slip Op 07889)





Matter of Khost v Ciampi


2020 NY Slip Op 07889


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2019-12710 
2019-12711
 (Docket No. F-27600-16)

[*1]In the Matter of Alexander William Khost, respondent,
v
Carla Theresa Ciampi, appellant.


Marzano Lawyers PLLC, New York, NY (Naved Amed of counsel), for appellant.
Law and Mediation Office of Helene Bernstein, PLLC, Brooklyn, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from (1) an order of the Family Court, Kings County (Elizabeth Shamahs, S.M.), dated June 11, 2019, and (2) an order of the same court (Jacqueline D. Williams, J.), dated October 9, 2019. The order dated June 11, 2019, insofar as appealed from, after a hearing, granted the father's petition for an upward modification of the mother's child support obligation. The order dated October 9, 2019, insofar as appealed from, denied the mother's objections to so much of the order dated June 11, 2019, as granted the father's petition for an upward modification of the mother's child support obligation.
ORDERED that the appeal from the order dated June 11, 2019, is dismissed, as that order was superseded by the order dated October 9, 2019; and it is further,
ORDERED that the order dated October 9, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The parties, who are divorced, have two children together. In 2013, the parties entered into a stipulation regarding child support, which was incorporated but not merged into the judgment of divorce. In January 2019, the father filed a petition seeking an upward modification of the mother's child support obligation. After a hearing, in an order dated June 11, 2019, the Support Magistrate granted the petition and, inter alia, upwardly modified the mother's child support obligation. The mother filed objections to the Support Magistrate's order, and, by order dated October 9, 2019, the Family Court denied the objections. The mother appeals.
On appeal, the mother contends that the father's petition should have been denied because he failed to make the threshold showing that there had been a change of circumstances warranting a modification of her child support obligation. Contrary to the mother's contention, the father was not obligated to demonstrate a substantial and unanticipated change in circumstances resulting in a concomitant need, as the parties' stipulation regarding child support was executed after [*2]the effective date of the 2010 amendments to Domestic Relations Law § 236(B) and Family Court Act § 451 (see Bishop v Bishop, 170 AD3d 642, 643-644). Further, because the parties did not opt out of the provisions of Family Court Act § 451(3)(b), the father was not obligated to demonstrate a substantial change in circumstances (see Family Ct Act § 451[3][a]), where, as here, he demonstrated that three years had passed since the last order concerning child support was entered (see Family Ct Act § 451[3][b][i]). Moreover, the father also demonstrated that the mother's gross income had increased by 15% or more during that time (see Family Ct Act § 451[3][b][ii]). Accordingly, there is no merit to the mother's contention that the father failed to make the threshold showing that a modification of her child support obligation was warranted (see Matter of Calta v Hoagland, 167 AD3d 598, 598-599; Matter of Walsh v Walsh, 154 AD3d 767, 768).
The father's request for certain affirmative relief is not properly before this Court, as he did not cross-appeal from the orders appealed from (see Hecht v City of New York, 60 NY2d 57, 61; Yacono v United Mgt. Corp., 185 AD3d 985, 986).
CHAMBERS, J.P., AUSTIN, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court