Matter of Emig v Emig (2021 NY Slip Op 01772)





Matter of Emig v Emig


2021 NY Slip Op 01772


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2020-00161
 (Docket No. F-27032-18)

[*1]In the Matter of Zachary Emig, appellant,
v
Mitsu Emig, respondent.


Zachary Emig, Staten Island, NY, appellant pro se.
Mitsu Emig, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Judith Waksberg, J.), dated December 9, 2019. The order, insofar as appealed from, denied the father's objections to so much of an order of the same court (John M. Fasone, S.M.) dated October 22, 2019, as, after a hearing, dismissed his petition for a downward modification of his maintenance and child support obligations. 
ORDERED that the order dated December 9, 2019, is reversed insofar as appealed from, on the law, without costs or disbursements, the father's objections to so much of the order dated October 22, 2019, as dismissed his petition are granted, those portions of the order dated October 22, 2019, and an amended order of the same court (Gabriella F. Richman, S.M.) dated January 16, 2020, which dismissed the petition are vacated, the petition is reinstated, and the matter is remitted to the Family Court, Kings County, for a new hearing on the petition and a new determination thereafter.
The parties were divorced by a judgment dated March 9, 2018. The judgment of divorce, which incorporated but did not merge the terms of a stipulation of settlement dated October 23, 2017, directed the father to pay child support in the amount of $4,805 per month and maintenance in the amount of $3,000 per month for the period of July 2018 through June 2020 and $4,000 per month for the period of July 2020 through August 2021.
In October 2018, the father filed a petition for a downward modification of his maintenance and child support obligations. After a hearing, in an order dated October 22, 2019, the Support Magistrate, among other things, dismissed the petition. The father filed objections and, in an order dated December 9, 2019, the Family Court, inter alia, denied the father's objections to so much of the order dated October 22, 2019, as dismissed his petition. The father appeals.
Contrary to the conclusion of the Support Magistrate, in support of his petition for a downward modification of his child support obligation, the father was not obligated to demonstrate a substantial and unanticipated change in circumstances, as the parties' stipulation regarding child support was executed after the effective date of the 2010 amendments to Domestic Relations Law § 236(B) and Family Court Act § 451, and the parties did not opt out of the provisions of Family Court Act § 451(3)(b) (see Matter of Khost v Ciampi, 189 AD3d 1409). Pursuant to Family Court [*2]Act § 451(3)(b)(ii), a court may modify a party's child support obligation solely upon a showing that his or her income had decreased by 15% or more, as long as the reduction of income was involuntary and diligent efforts were made to secure employment commensurate with the party's education and abilities (see Matter of Fanizzi v Delforte-Fanizzi, 164 AD3d 1653). Here, the Support Magistrate erred in failing to apply this standard to that branch of the father's petition which sought a downward modification of his child support obligation. Furthermore, the Support Magistrate did not evaluate whether the father showed that an extreme hardship would result to him if the court failed to award him a downward modification of his maintenance obligation (see Domestic Relations Law § 236[B][9][b]; Raab v Raab, 129 AD3d 1050, 1051).
Accordingly, we remit the matter to the Family Court, Kings County, for a new hearing on the petition and a new determination thereafter.
DILLON, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court