Assad v Assad (2021 NY Slip Op 06978)





Assad v Assad


2021 NY Slip Op 06978


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2021-00158
 (Index No. 706429/20)

[*1]Maria Assad, appellant, 
v
Mohammed Assad, respondent.


Friedman & Friedman, PLLC, Garden City, NY (Jennifer Moran of counsel), for appellant.
Petitti PLLC, New York, NY (Danielle R. Petitti of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated September 13, 2016, the plaintiff appeals from an order of the Supreme Court, Queens County (Jodi Orlow, J.), entered January 4, 2021. The order, insofar as appealed from, (1) denied, without a hearing, those branches of the plaintiff's motion which were to modify the parties' stipulation of settlement dated January 29, 2016, which was incorporated but not merged into the judgment of divorce, so as to permit her to relocate with the parties' children to Texas, or, in the alternative, to upwardly modify the defendant's child support obligation and award her sole custody of the children, (2) granted that branch of the defendant's cross motion which was for an award of attorney's fees to the extent of awarding him attorney's fees in the sum of $5,000, and (3), sua sponte, enjoined the plaintiff, absent an emergency, from instituting further actions or filing motions without first obtaining written leave of the court and directed that if the plaintiff attempted to re-litigate the same issues in the future, sanctions would be imposed against her for the defendant's full costs and fees of defending the action.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, enjoined the plaintiff, absent an emergency, from instituting further actions or filing motions without first obtaining written leave of the court and directed that if the plaintiff attempted to re-litigate the same issues in the future, sanctions would be imposed against her for the defendant's full costs and fees of defending the action, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendant's cross motion which was for an award of attorney's fees to the extent of awarding him attorney's fees in the sum of $5,000, and substituting therefor a provision denying that branch of the cross motion; (2) by deleting the provision thereof denying that branch of the plaintiff's motion which was to modify the parties' stipulation of settlement so as to upwardly modify the defendant's child support obligation; and (3) by deleting the provisions thereof, sua sponte, enjoining the plaintiff, absent an emergency, from instituting further actions or filing motions without first obtaining written leave of the court and directing that if the plaintiff attempted to re-litigate the same issues in the future, sanctions would [*2]be imposed against her for the defendant's full costs and fees of defending the action; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing on that branch of the plaintiff's motion which was to modify the parties' stipulation of settlement so as to upwardly modify the defendant's child support obligation, and a new determination thereafter of that branch of the plaintiff's motion.
The parties were divorced by judgment dated September 13, 2016, which incorporated, but did not merge, a stipulation of settlement of the parties dated January 29, 2016. Pursuant to the stipulation of settlement, the parties shared joint legal custody of their three children, with primary residential custody to the plaintiff and a parental access schedule for the defendant. The stipulation of settlement also provided that the plaintiff was prohibited from relocating with the children outside of New York City without prior written consent of the defendant, or court order.
On June 16, 2020, the plaintiff moved, inter alia, to modify the stipulation of settlement so as to permit her to relocate with the children to Texas, or in the alternative, to upwardly modify the defendant's child support obligation and award her sole custody of the children. The defendant cross-moved, among other things, for an award of attorney's fees. In an order entered January 4, 2021, the Supreme Court, inter alia, denied, without a hearing, those branches of the plaintiff's motion, granted that branch of the defendant's cross motion to the extent of awarding him attorney's fees in the sum of $5,000, and, sua sponte, enjoined the plaintiff, absent an emergency, from instituting further actions or filing motions without first obtaining written leave of the court, and directed that if the plaintiff attempted to re-litigate the same issues in the future, sanctions would be imposed against her for the defendant's full costs and fees of defending the action. The plaintiff appeals.
The Supreme Court properly denied, without a hearing, those branches of the plaintiff's motion which were to modify the stipulation of settlement so as to permit her to relocate with the children to Texas or, in the alternative, to award her sole custody of the children. Contrary to the court's determination, the plaintiff did not waive her current contentions regarding relocation and custody as a result of a so-ordered amendment to the stipulation of settlement and judgment of divorce dated April 10, 2018 (hereinafter the 2018 amendment). However, the court properly determined that the plaintiff failed to demonstrate that she complied with the requirement of the 2018 amendment that, "prior to filing an application for enforcement, violation or modification of the Stipulation, Judgment of Divorce or this Amendment, [the parties would] seek the advice and counsel of the Parent Coordinator to assist in attempting to resolve the issue at hand without Court intervention." The plaintiff failed to substantiate any attempts to seek the advice and counsel of the parent coordinator involving the instant issues, wherein the 2018 amendment requires that "the Parties shall spend at least one (1) and no more than three (3) sessions with the Parent Coordinator[.]"
In any event, the plaintiff failed to demonstrate that there had been a change in circumstances such that a modification was necessary to ensure the best interests of the children (see Matter of Feliciano v King, 160 AD3d 854, 855; Matter of Phillips v Nabial, 154 AD3d 695, 696). "Modification of a court-approved stipulation setting forth terms of custody or [parental access] is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the best interests and welfare of the child" (Greenberg v Greenberg, 144 AD3d 625, 629; see Sukul v Sukul, 196 AD3d 661; Walter v Walter, 178 AD3d 991, 992). "A parent seeking a change of custody is not automatically entitled to a hearing; rather, he or she must make an evidentiary showing of a change in circumstances demonstrating a need for a change of custody in order to insure the child's best interests" (Matter of Feliciano v King, 160 AD3d at 855).
Contrary to the plaintiff's contention, the requirement to demonstrate a change in circumstances applies to requests to relocate with the children where, as here, the parties' stipulation of settlement prohibits relocation outside New York City (see Matter of Phillips v Nabial, 154 AD3d a 696; McMahan v McMahan, 102 AD3d 841, 842; Abbott v Abbott, 96 AD3d 887, 888; Matter of Sweetser v Willis, 91 AD3d 963, 964; cf. Matter of Conroy v Vaysman, 191 AD3d 977, 980; Lipari [*3]v Lipari, 146 AD3d 870, 870-871). The basis for the plaintiff's current request to relocate is almost identical to her previous request proffered during the divorce litigation, which was resolved by the stipulation of settlement prohibiting the plaintiff from relocating outside New York City. Further, the plaintiff failed to demonstrate that the parties' relationship is so severely acrimonious as to make the continuation of joint custody inappropriate (see Matter of Feliciano v King, 160 AD3d at 855; Matter of Demeter v Alayon, 90 AD3d 1045, 1046; Teuschler v Teuschler, 242 AD2d 289, 290; cf. Matter of Moore v Gonzalez, 134 AD3d 718, 719-720).
However, the Supreme Court erred in summarily denying that branch of the plaintiff's motion which was to modify the stipulation of settlement so as to upwardly modify the defendant's child support obligation. Since the parties did not opt out of the provisions of Domestic Relations Law § 236(B)(9)(b)(2)(ii), the plaintiff was not obligated to demonstrate a substantial change in circumstances (see Domestic Relations Law § 236[B][9][b][2][i]), where, as here, she demonstrated that three years had passed since the last order concerning child support was entered (see Domestic Relations Law § 236[B][9][b][2][ii][A]; Family Ct Act § 451[3][b][i]; Matter of Khost v Ciampi, 189 AD3d 1409, 1410). Moreover, the plaintiff also demonstrated that the defendant's gross income had increased by 15% or more during that time (see Domestic Relations Law § 236[B][9][b][2][ii][B]; Family Ct Act § 451[3][b][ii]). Although the parties' stipulation of settlement recognized that the defendant's income fluctuated each year, it provided that, "for modifications at law the [defendant's] Gross Earnings used for this Agreement will be deemed $134,200." It is undisputed that the defendant's earnings had increased by 15% or more from the sum set forth in the stipulation of settlement. Accordingly, the plaintiff made the threshold showing that a modification of the defendant's child support obligation was warranted, and the court should not have denied that branch of her motion without a hearing (see Matter of Emig v Emig, 192 AD3d 1024, 1024-1025; Matter of Khost v Ciampi, 189 AD3d at 1410; Matter of Regan v Regan, 173 AD3d 874, 875; Matter of Calta v Hoagland, 167 AD3d 598, 598-599).
A court has the authority to award an attorney's fee in custody proceedings when warranted under the circumstances of the case (see Domestic Relations Law § 237[b]; Matter of DeCillis v DeCillis, 137 AD3d 1122, 1123). "In determining whether an award of counsel fees is appropriate, the court must consider the equities and circumstances of each particular case, the relative merit of the parties' contentions and their respective financial positions" (Boukas v Boukas, 163 AD3d 755, 756; see Schwartz v Schwartz, 186 AD3d 1742, 1747). The court "may also take into account whether one party has engaged in conduct or taken positions resulting in delay or unnecessary litigation" (Guzzo v Guzzo, 110 AD3d 765, 766).
Here, the Supreme Court improvidently exercised its discretion in awarding the defendant attorney's fees. The plaintiff's motion did not attempt to re-litigate previously waived claims, and it represented the plaintiff's first request for permission to relocate, sole custody of the children, and an upward modification of the defendant's child support obligation since the judgment of divorce was entered in 2016 (cf. Matter of Buono v Fantacone, 252 AD2d 917, 918). Moreover, the defendant is the monied party and the plaintiff's motion "was not so lacking in merit as to justify such an award" (Isichenko v Isichenko, 161 AD3d 833, 835; see Matter of Nenninger v Kelly, 140 AD3d 964, 965; Matter of Katz v Shomron, 71 AD3d 770, 770-771).
For similar reasons, the Supreme Court improvidently exercised its discretion in enjoining the plaintiff, absent an emergency, from instituting further actions or filing motions without first obtaining written leave of the court and in imposing prospective sanctions on the plaintiff in future litigation (see Matter of Stones v VanDenberge, 167 AD3d 909, 910; Matter of Price v Jenkins, 99 AD3d 915, 915; Matter of Wieser v Wieser, 83 AD3d 950, 950; cf. Manwani v Manwani, 286 AD2d 767, 768).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on that branch of the plaintiff's motion which was to modify the stipulation of settlement so as to upwardly modify the defendant's child support obligation, and for a new determination thereafter of that branch of the plaintiff's motion.
RIVERA, J.P., BRATHWAITE NELSON, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court