Tristate Cleaning Solutions, Inc. v Landco H & L, Inc. (2022 NY Slip Op 02829)

Tristate Cleaning Solutions, Inc. v Landco H & L, Inc.

2022 NY Slip Op 02829

Decided on April 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2019-12457
 (Index No. 704723/17)

[*1]Tristate Cleaning Solutions, Inc., appellant,
v
Landco H & L, Inc., et al., respondents.

Silverberg, P.C., Central Islip, NY (Karl Silverberg of counsel), for appellant.
Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman and John S. Cahalan of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered September 27, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, alleging breach of contract, and granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging diversion of trust funds pursuant to Lien Law article 3-A, insofar as asserted against the defendants Bally Bao and Loung Construction, Inc.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against Bally Bao and Loung Construction, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, Tristate Cleaning Solutions, Inc., alleges that it entered into a contract to perform what it characterizes as "Phase II" asbestos removal services at a parcel of real property owned by the defendant Landco H & L, Inc. (hereinafter Landco). Its first cause of action, asserted against Landco and the defendant Loung Construction, Inc. (hereinafter Loung), a general contractor, alleges that Landco and Loung breached the contract by failing to pay the plaintiff the principal sum of $642,613. Its fourth cause of action, asserted against Landco, Loung, and the defendant Bally Bao, Loung's principal, alleges that Landco, Loung, and Bao diverted Lien Law article 3-A trust funds, rather than using those funds to pay the plaintiff. In an order entered September 27, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, and granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against Bao and Loung. The plaintiff appeals.
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Investment Retrievers, [*2]Inc v Fox, 150 AD3d 1090, 1090). "To create a binding contract, there must be a manifestation of mutual assent sufficiently definite to assure that the parties are truly in agreement with respect to all material terms" (Matter of Express Indus. & Term. Corp. v New York State Dept. of Transp., 93 NY2d 584, 589).
Here, the defendants established, prima facie, that Landco and Loung did not enter into a contract with the plaintiff for Phase II asbestos removal work. In opposition to the motion, the plaintiff failed to raise a triable issue of fact as to the existence of a contract. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract (see Landow & Landow Architects, LLP v Tenzer, 136 AD3d 985; Carione v Hickey, 133 AD3d 811; Brandeis Sch., Inc. v Yakobowicz, 130 AD3d 850).
The Supreme Court erred, however, in granting that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against Loung and Bao. The defendants failed to meet their prima facie burden of demonstrating that Loung was not in possession of trust assets within the meaning of Lien Law § 70 (see generally Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor, 97 NY2d 256, 264; Teves v Greenspun, 159 AD3d 1105, 1106; Ippolito v TJC Dev., LLC, 83 AD3d 57, 70-71).
BRATHWAITE NELSON, J.P., CHAMBERS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court