Matter of Thomas v Mobley (2022 NY Slip Op 03731)

Matter of Thomas v Mobley

2022 NY Slip Op 03731

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2020-06449
 (Docket No. V-3294-15)

[*1]In the Matter of Shara Thomas, respondent,
v
Arnold Mobley, appellant.

Heather A. Fig, Bayport, NY, for appellant.
Darla A. Filiberto, Islandia, NY, for respondent.
Paraskevi Zarkadas, Centereach, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Victoria R. Gumbs-Moore, Ct. Atty. Ref.), dated January 21, 2020. The order, after a hearing, granted the mother's petition to modify an order of the same court dated April 30, 2015, so as to permit her to relocate with the parties' child to Georgia, and directed that the father have parenting time with the child in Georgia on 10 days' notice to the mother, that the mother make the child available for parenting time with the father in New York at least two weeks per year, and that the child continue to participate in the father's family reunion and other vacation plans with the child's brothers.
ORDERED that the order dated January 21, 2020, is modified, on the law, by deleting the provisions thereof directing that the father have parenting time with the child in Georgia on 10 days' notice to the mother, that the mother make the child available for parenting time with the father in New York at least two weeks per year, and that the child continue to participate in the father's family reunion and other vacation plans with the child's brothers; as so modified, the order dated January 21, 2020, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
The parties have one child together, who was born in July 2008. In an order dated April 30, 2015 (hereinafter the custody order), which was entered upon the agreement of the parties, the parties were awarded joint legal custody of the child, the mother was awarded residential custody, and the father was awarded parenting time. The custody order specified that neither party was permitted to relocate with the child outside of Nassau or Suffolk Counties without consent of the other party or of the court. By petition dated March 12, 2019, the mother sought to modify the custody order so as to permit her to relocate with the child to Georgia. Following a hearing, the Family Court granted the mother's petition and directed that the father have parenting time with the child in Georgia on 10 days' notice to the mother, that the mother make the child available for parenting time with the father in New York at least two weeks per year, and that the child continue to participate in the father's family reunion and other vacation plans with the child's brothers. The father appeals.
"Modification of an existing custody arrangement is permissible only upon a showing [*2]that there has been a change in circumstances such that modification is necessary to ensure the best interests of the child" (Matter of Argila v Edelman, 174 AD3d 521, 523 [internal quotation marks omitted]; see Assad v Assad, 200 AD3d 831, 833-834; Matter of Banks v DeLeon, 174 AD3d 598, 599). "Before subjecting children and their parents to additional litigation, courts require that, before a full hearing is ordered, the parent seeking a change of custody must make an evidentiary showing of a change in circumstances demonstrating a need to conduct a full hearing into whether a change of custody is appropriate in order to insure the child's best interests" (Matter of Newton v McFarlane, 174 AD3d 67, 76-77). "In determining whether such a change has occurred, the court should consider the totality of the circumstances" (id. at 77).
Contrary to the mother's contentions, she was required to establish a change in circumstances, as the parties agreed in the underlying custody proceeding that neither would relocate out of Nassau or Suffolk Counties without permission (see id. at 76-77; see also Assad v Assad, 200 AD3d at 833-834). Although the Family Court failed to articulate a determination on the issue of a change in circumstances prior to holding a hearing on the petition, this Court may make its own findings because "this Court's authority is as broad as that of the hearing court" and the record is sufficient to permit review (Matter of Newton v McFarlane, 174 AD3d at 80).
Here, the mother demonstrated a change in circumstances, providing a sufficient basis to conduct a hearing. She presented evidence that, since the custody order was issued, the safety in her neighborhood had declined, requiring her to move to protect the child's safety, which led to a drastic increase in her living expenses. She also presented evidence that she had a job opportunity in Georgia with a higher salary than what she could earn in New York and that her living expenses would be lower in Georgia than they were in New York. The mother thus demonstrated that a full hearing was warranted to determine whether her proposed relocation was in the child's best interests (see id. at 76-77).
"[A] parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Banks v DeLeon, 174 AD3d at 599 [internal quotation marks omitted]). "In determining whether relocation is appropriate, the court must consider a number of factors including 'each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (id., quoting Matter of Tropea v Tropea, 87 NY2d 727, 740-741). "Since custody determinations depend in large part on the trial court's assessment of the character and credibility of the parties and witnesses, that court's credibility findings are generally accorded deference, and its custody determinations will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Banks v DeLeon, 174 AD3d at 599 [internal quotation marks omitted]).
Here, the mother established by a preponderance of the evidence that relocating to Georgia was in the child's best interests (see id.). The mother had sound reasons for wanting to relocate, including providing the child with a better environment and increased financial stability. The Family Court's determination to credit the mother's testimony as to how the move would improve her finances is entitled to deference (see id.). As to the father's relationship with the child, who was 11 years old at the time of the hearing, the evidence demonstrated that the mother was the primary caregiver; that the father was not involved in the child's day-to-day life, education, or healthcare; and that the father kept in contact with the child more through phone and FaceTime calls, rather than through in-person visits, which he could continue if the child moved to Georgia.
Moreover, the evidence demonstrated that the child liked the area where the mother sought to move, he had extended family in Georgia, several of the mother's family members who saw the child regularly in New York were also moving to Georgia, and the child could visit the father during school breaks. Thus, the mother demonstrated a change in circumstances warranting a full hearing on her petition, and at that hearing established by a preponderance of the evidence that the proposed relocation was in the child's best interests (see Assad v Assad, 200 AD3d at 833-834; [*3]Matter of Newton v McFarlane, 174 AD3d at 76; Matter of Banks v DeLeon, 174 AD3d at 599).
The father correctly contends, however, that the Family Court should have set a more detailed schedule for parental access and should have specified how the parties are to pay for travel associated with that schedule. As the distance between New York and Georgia will prevent the parties from continuing their current practice of spontaneous visits when the father or the child wants to visit, the court should have provided them with a specific schedule for parental access to allow them to plan their travel and visits in advance (see Matter of Madelyn E.P. [Christine L.-B.—Kevin O.], 196 AD3d 489, 491; Matter of Alvarado v Cordova, 158 AD3d 794, 795; Gillis v Gillis, 113 AD3d 816, 817). Accordingly, we remit the matter to the Family Court, Suffolk County, to set forth, with all convenient speed, a more detailed schedule for parental access, which shall specify how the parties are to pay for the travel associated with such schedule.
The mother's remaining contention is without merit (see Matter of Newton v McFarlane, 174 AD3d at 77).
CONNOLLY, J.P., MALTESE, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court