Cooper v Oliver (2023 NY Slip Op 01981)

Cooper v Oliver

2023 NY Slip Op 01981

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-07059
 (Index No. 53056/11)

[*1]Ada S. Cooper, appellant, 
v
Jonathan Oliver, respondent.

Lee Anav Chung White Kim Ruger & Richter, LLP, New York, NY (Aimee L. Richter of counsel), for appellant.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated November 21, 2013, the plaintiff appeals from an order of the Supreme Court, Kings County (Theresa M. Ciccotto, J.), dated July 20, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were to modify the judgment of divorce so as to upwardly modify the defendant's basic child support obligation and to require him to pay his proportionate share of college expenses for the parties' children without a SUNY cap, and granted those branches of the defendant's cross-motion which were for an award of a credit in the sum of $2,068.84 against his basic child support obligation for payment of college room and board expenses for the parties' daughter and for an award of attorneys' fees in the sum of $5,000.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was to modify the judgment of divorce so as to upwardly modify the defendant's basic child support obligation, (2) by deleting the provision thereof granting that branch of the defendant's cross-motion which was for an award of a credit in the sum of $2,068.84 against his basic child support obligation for payment of college room and board expenses for the parties' daughter, and (3) by deleting the provision thereof granting that branch of the defendant's cross-motion which was for an award of attorneys' fees in the sum of $5,000, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of that branch of the plaintiff's motion which was to modify the judgment of divorce so as to upwardly modify the defendant's basic child support obligation and of that branch of the defendant's cross-motion which was for an award of a credit in the sum of $2,068.84 against his basic child support obligation for payment of college room and board expenses for the parties' daughter, in accordance herewith.
The plaintiff and the defendant were divorced by judgment dated November 21, 2013, made after a nonjury trial. They have two children together, a daughter and a son. The judgment of divorce directed the defendant to pay basic child support to the plaintiff. In addition, the judgment of divorce directed the parties to pay, in proportion to their respective incomes, the reasonable college expenses of the children, but imposed a SUNY cap on those expenses unless the parties otherwise mutually agreed in writing. Moreover, the judgment of divorce provided that the defendant shall be entitled to a credit for the amount of room and board expenses paid by him for [*2]each child who resides away from home while attending college.
In 2019, the plaintiff moved, inter alia, to modify the judgment of divorce so as to upwardly modify the defendant's basic child support obligation and to require him to pay his proportionate share of the children's college expenses without a SUNY cap. The defendant opposed the motion and cross-moved, among other things, for an award of a credit in the sum of $2,068.84 against his basic child support obligation for payment of the daughter's college room and board expenses and for an award of attorneys' fees in the sum of $5,000. In an order dated July 20, 2020, the Supreme Court, inter alia, denied those branches of the plaintiff's motion and granted those branches of the defendant's cross-motion. The plaintiff appeals.
As relevant here, a court may modify an award of child support where three years have passed since the award was entered, last modified, or adjusted (see Domestic Relations Law § 236[B][9][b][2][ii][A]). In support of that branch of the plaintiff's motion which was to modify the judgment of divorce so as to upwardly modify the defendant's basic child support obligation, the plaintiff demonstrated that three years had passed since the judgment of divorce was entered. Under these circumstances, regardless of whether the plaintiff demonstrated a substantial change in circumstances, the Supreme Court erred in summarily denying that branch of the plaintiff's motion which was to modify the judgment of divorce so as to upwardly modify the defendant's basic child support obligation (see Assad v Assad, 200 AD3d 831, 834; Matter of Khost v Ciampi, 189 AD3d 1409, 1410; see also Matter of Regan v Regan, 173 AD3d 874, 875; cf. Raab v Raab, 129 AD3d 1050, 1051). However, contrary to the plaintiff's contention, the court properly denied that branch of her motion which was to modify the judgment of divorce so as to require the defendant to pay his proportionate share of the children's college expenses without a SUNY cap, as the plaintiff failed to demonstrate that the parties had agreed in writing to override the SUNY cap, as required by the judgment of divorce (see generally Landow & Landow Architects, LLP v Tenzer, 136 AD3d 985, 986).
With regard to that branch of the defendant's cross-motion which was for an award of a credit in the sum of $2,068.84 against his basic child support obligation for payment of the daughter's college room and board expenses, the defendant's submissions demonstrated that he paid $2,068.84 toward the daughter's spring 2020 college expenses, of which only a portion related to the cost of room and board. As such, the credit awarded by the Supreme Court should have been limited to the portion of the $2,068.84 related to the cost of room and board, and also should have been applied only against the daughter's share of child support (see Matter of Miller v Fitzpatrick, 147 AD3d 845, 847-848; Matter of Levy v Levy, 52 AD3d 717, 719). Accordingly, we remit the matter to the Supreme Court, Kings County, for a determination of the proper amount of the credit to be awarded to the defendant.
Finally, the Supreme Court improvidently exercised its discretion in granting that branch of the defendant's cross-motion which was for an award of attorneys' fees in the sum of $5,000. Contrary to the court's determination, the plaintiff's motion was not frivolous within the meaning of 22 NYCRR 130-1.1 (see Brin v Shady, 179 AD3d 760, 763).
RIVERA, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court