Anonymous 2011-3 v Anonymous 2011-4 (2023 NY Slip Op 04183)

Anonymous 2011-3 v Anonymous 2011-4

2023 NY Slip Op 04183

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2020-05349
 (Index No. 200611/11)

[*1]Anonymous 2011-3, appellant, 
v
Anonymous 2011-4, respondent.

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri, Tristan J. Werfelman, and John A. Genua of counsel), for appellant.
Anonymous 2011-4, Woodmere, NY, respondent pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered October 25, 2016, the plaintiff appeals from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated April 20, 2020. The order, insofar as appealed from, without a hearing, granted that branch of the defendant's motion which was to hold the plaintiff in civil contempt for violating certain provisions of the judgment of divorce, and denied that branch of the plaintiff's cross-motion which was pursuant to Domestic Relations Law § 236(B)(9)(b)(2)(ii)(A) for a downward modification of his child support obligation.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was pursuant to Domestic Relations Law § 236(B)(9)(b)(2)(ii)(A) for a downward modification of his child support obligation; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith, and thereafter, a new determination of that branch of the cross-motion.
The parties were married in 1993, and have four children. They were divorced by judgment entered October 25, 2016, upon a decision after trial dated February 4, 2015, which was incorporated by reference into the judgment. In 2019, the defendant moved to hold the plaintiff in civil contempt for violating provisions of the judgment, inter alia, requiring him to pay child support, maintenance, and private school tuition, to transfer title to the defendant to certain real property, to obtain life insurance designating the defendant and the parties' children as beneficiaries, and to take steps to obtain Qualified Domestic Relations Orders. The plaintiff cross-moved, inter alia, pursuant [*2]to Domestic Relations Law § 236(B)(9)(b)(2)(ii)(A) for a downward modification of his child support obligation.
By order dated April 20, 2020, the Supreme Court, inter alia, without a hearing, granted those branches of the defendant's motion which were to hold the plaintiff in contempt for violating the aforementioned provisions of the judgment. The court denied, without a hearing, that branch of the plaintiff's cross-motion which was pursuant to Domestic Relations Law § 236(B)(9)(b)(2)(ii)(A) for a downward modification of his child support obligation. The plaintiff appeals.
"To prevail on a motion to hold a party in civil contempt, the movant must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Bauman v Bauman, 208 AD3d 624, 625-626 [internal quotation marks omitted]). "Once the movant establishes a knowing failure to comply with a clear and unequivocal mandate, the burden shifts to the alleged contemnor to refute the movant's showing, or to offer evidence of a defense, such as an inability to comply with the order" (El-Dehdan v El-Dehdan, 114 AD3d 4, 17, affd 26 NY3d 19). A hearing on a contempt motion "need only be conducted if a factual dispute exists which cannot be resolved on the papers alone" (Matter of Chichra v Chichra, 148 AD3d 883, 885).
Here, the defendant's motion papers demonstrated that the plaintiff failed to comply with clear and unequivocal mandates set forth in the judgment by failing to pay child support, maintenance, and private school tuition, failing to transfer title to the defendant to one of the marital residences, failing to obtain life insurance, and failing to take steps to obtain Qualified Domestic Relations Orders. As the Supreme Court determined, the plaintiff did not to refute this showing or establish an inability to comply with these mandates (see Bauman v Bauman, 208 AD3d at 626).
However, the Supreme Court erred in denying, without a hearing, that branch of the plaintiff's cross-motion which was for a downward modification of his child support obligation. The plaintiff was not obligated to demonstrate a substantial change in circumstances (see Domestic Relations Law § 236[B][9][b][2][i]) in order to obtain that relief, since the parties did not opt out of the provisions of Domestic Relations Law § 236(B)(9)(b)(2)(ii) and the plaintiff demonstrated that three years had passed since entry of the judgment (see Domestic Relations Law § 236[B][9][b][2][ii][A]; Assad v Assad, 200 AD3d 831, 834). Accordingly, the court should not have denied that branch of the plaintiff's cross-motion which was for a downward modification of his child support obligation without a hearing (see Assad v Assad, 200 AD3d at 834).
The parties' remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on that branch of the plaintiff's cross-motion which was pursuant to Domestic Relations Law § 236(B)(9)(b)(2)(ii)(A) for a downward modification of his child support obligation, and a new determination thereafter of that branch of the cross-motion.
IANNACCI, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court