Ortiz v Kliszus (2025 NY Slip Op 51766(U))

[*1]

Ortiz v Kliszus

2025 NY Slip Op 51766(U)

Decided on November 6, 2025

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 6, 2025
Supreme Court, Westchester County

Laurel A. Ortiz, Plaintiff,

against
Edward A. Kliszus, Jr., Defendant.

Index No. 63627/2025

Attorney for Plaintiff:
Peter Schuyler, Esq. 
Kitson & Schuyler P.C. 
321 South Riverside Avenue
Croton on Hudson, NY 10520
(914) 862 0999
Attorney for Defendant:
Defendant, acting pro se

William J. Giacomo, J.

In this underlying action for breach of contract and unjust enrichment, in motion sequence number 002, defendant Edward A. Kliszus, Jr., acting pro se, moves, pre answer, pursuant to CPLR 3211(a) (1) (2) (5) and (7) to dismiss the complaint. Defendant is also seeking sanctions against plaintiff's counsel and requests the Court strike plaintiff's jury trial demand. In motion sequence 005, defendant moves to disqualify plaintiff's counsel. Motion sequence numbers 002 and 005 are hereby consolidated for disposition.
Papers Considered NYSCEF DOC NO. 19-27; 34
1. Complaint/Notice of Motion/ Affidavit in Support/Memorandum of Law/Exhibits A-L
2. Memorandum of Law in Opposition
3. Memorandum of Law in Reply/Affidavit in Reply/Exhibit L-1
4. Notice of Motion
FACTUAL AND PROCEDURAL BACKGROUND
On May 14, 2025, plaintiff commenced the instant action by filing a summons with notice and subsequently filed a complaint. The complaint states that plaintiff is a resident living in Bronxville, New York and that defendant is a resident of the State of New York. Plaintiff is the former mother-in-law of defendant, who was married to her daughter Elizabeth Ann Foster (Foster). The complaint alleges that, on or around May 11, 2021, defendant asked plaintiff to loan him $48,000. Plaintiff agreed and defendant promised to repay this amount. Plaintiff wrote defendant a check for the amount and wrote "loan" in the check's memo line. Defendant allegedly promised to repay the loan by January 2022. The complaint also alleges that the parties executed a loan agreement but did not specify a time period for the loan to be re-paid. 
Defendant allegedly made payments of $1,000 a month for fifteen months but then stopped paying on or around September 2022. Although plaintiff demanded that defendant pay the remaining $33,000, he refused to do so. 
The complaint states that, in October 2022, defendant filed for divorce against Foster in the State of Florida. Plaintiff was not a party to the divorce action. The complaint alleges that the divorce was finalized in March of 2025 and that the final judgment of dissolution of marriage did not address the $48,000 loan from plaintiff to the defendant.
Plaintiff's complaint sets forth a cause of action for breach of contract and a cause of action for unjust enrichment. Plaintiff is requesting judgment against the defendant in the amount of $33,000, plus interest, costs, disbursements, and attorneys' fees. 
Motion Sequence 002
Defendant moves to dismiss the complaint on various grounds. To start, defendant states that the instant matter is directly linked to the divorce action and has already been litigated to a final judgment. Defendant attaches the exhibits involved in the divorce proceedings, including the equitable distribution worksheets, the final judgment and Foster's trial exhibits list for the divorce action, among other exhibits. Foster's filing of trial exhibits listed exhibit 53 as "Check made by Laurel Ortiz (Wife's Mother) dated 05-11-21 for Loan to Husband." The equitable distribution worksheet submitted by Foster listed $30,000 provided by the plaintiff to pay for attorneys' fees. It also lists as a liability, Husband's loan from wife mother, in the amount of $33,000. The final judgment directed Foster to pay defendant $48,650.64 as an equalizer payment, with monthly installments commencing on March 1, 2025. 
According to defendant, the complaint is barred by res judicata and collateral estoppel, as the documentary evidence shows that the $48,000 financial transaction in the plaintiff's complaint was raised and examined during the divorce proceedings, culminating in a final judgment in the matter.
Defendant believes that this litigation was commenced to harass him and commenced in an attempt by plaintiff to recover the money plaintiff paid Foster during the divorce proceedings. Defendant was granted a temporary order of protection on March 11, 2025, barring Foster from contacting defendant directly or through third parties. He asserts that the lawsuit was initiated as a way to circumvent the order.
Defendant also claims that there is no enforceable contract between himself and plaintiff. He states that the $48,000 was not considered a loan. Defendant states that plaintiff issued a personal check during her daughter's marriage to the defendant to resolve a shared marital tax debt. He claims that the money was considered a gratuitous familial contribution rather than an arm's length commercial transaction. Plaintiff purportedly never documented any expectation of [*2]re-payment, such as a note, and the partial repayment by defendant was voluntarily made by defendant. Defendant attached bank statements showing that the $48,000 was used to subsidize the payment to the IRS and NYS for marital tax debts. He also submitted documents in the divorce action indicating that he voluntarily reimbursed plaintiff $15,000. These bank statements were admitted into evidence during the divorce trial and considered by the Florida court. Defendant states that, although plaintiff was not a named party in the Florida divorce case, her financial involvement was addressed during the trial in connection with the loan and contribution towards legal fees. At no point did plaintiff file a creditor's notice or file an independent claim.
In opposition, plaintiff argues that she has sufficiently pled a cause of action for breach of contract. In relevant part, plaintiff argues that res judicata is inapplicable, as plaintiff was never a party to the divorce action. According to plaintiff, defendant failed to submit any documentation to support his claim that the loan was adjudicated against plaintiff. Plaintiff reiterates that the divorce judgment does not mention the $48,000 loan from plaintiff to defendant. She claims since the statute of limitations for a contract claim is six years, the action is timely and may be adjudicated by this Court since both parties are residents of New York. 
Counsel maintains that the action has been filed on behalf of plaintiff, not her daughter, to recover on an unpaid loan. Further, the order of protection does not mention plaintiff, who counsel now represents. Plaintiff also argues that the parties are not family members, so the family gift presumption is unsupported. In addition, the check was explicitly labeled loan. 
Motion Sequence 005
Defendant moves to disqualify plaintiff's counsel on the basis that counsel represented Foster in the divorce action and now represents plaintiff. According to defendant, counsel has violated Rules of Professional Conduct 1.9, since while representing Foster, counsel obtained extensive confidential information about defendant. He claims that plaintiff coordinated with counsel to suddenly pursue an alleged four-year-old claim shortly after the divorce was finalized and the order of protection was issued. Defendant also argues that counsel is violating the order of protection by enabling Foster to pursue the defendant through her mother.
Counsel did not submit opposition directly to this motion, but argues in opposition to the dismissal motion that the order of protection does not mention plaintiff and that she was not a party to the divorce action. 
DISCUSSION
Dismissal
A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint, "conclusively establishing a defense as a matter of law." Endless Ocean, LLC v Twomey, Latham, Shea, Kelley, Dubin & Quartararo, 113 AD3d 587, 588 (2d Dept 2014). On a motion to dismiss pursuant to CPLR 3211 (a) (7), "the facts as alleged in the complaint [are] accepted as true, the plaintiff is [given] the benefit of every possible favorable inference," and the court must determine simply "whether the facts as alleged fit within any cognizable legal theory." Mendelovitz v Cohen, 37 AD3d 670, 671 (2d Dept 2007). However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration." Silverman v Nicholson, 110 AD3d 1054, 1055 (2d Dept 2013) (internal quotation marks and citation omitted). 
Pursuant to CPLR 3211 (a) (5), in pertinent part, a party may move to dismiss on the [*3]ground that a cause of action may not be maintained because of res judicata or collateral estoppel. "Under the doctrine of res judicata, a final adjudication of a claim on the merits precludes relitigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party." Sancar Mgt. v OneWest Bank, FSB, 165 AD3d 1306, 107 (2d Dept 2018) (internal quotation marks omitted). As relevant here, parties in privity to parties of record in the prior action may include, "those who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." Juan C. v Cortines, 89 NY2d 659, 667-668 (internal quotation marks omitted). The Appellate Division, Second Department has held that "[u]nder New York's transactional analysis approach to res judicata, once a claim is brought to a final conclusion, all other claims . . . are barred, even if based upon different theories or if seeking a different remedy." 83-17 Broadway Corp. v DebCon Fin. Servs., Inc., 39 AD3d 583, 584 (2d Dept 2007) (internal quotation marks omitted).
Lastly, the doctrine of law of the case is a "rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned." Erickson v Cross Ready Mix, Inc. 98 AD3d 717, 717 (2d Dept 2012) (internal quotation marks omitted). It is applicable "only to legal determinations that were necessarily resolved on the merits in [a] prior decision, and to the same questions presented in the same case." Id. (internal quotation marks and citations omitted).
This Court finds that res judicata and the law of the case doctrines, act to bar plaintiff's claims against defendant in the instant action. According to plaintiff, the divorce action is "unrelated," as, among other things, the divorce judgment does not mention the $48,000 loan. However, plaintiff's arguments are without merit. In brief, in the divorce action, Foster submitted the check dated May 11, 2021 from plaintiff to defendant as an exhibit. Foster submitted the equitable distribution worksheet setting forth a loan from mother (plaintiff) in the amount of $30,000 for her legal fees and a loan from mother to husband (defendant) in the amount of $33,000. Defendant submitted documentary evidence that he used the $48,000 to pay a joint marital tax. He also submitted a record of the voluntary payments to plaintiff totaling $15,000. All of these documents and testimony with respect to these documents were considered in resolving the marital debt. For instance, the Florida Court considered Foster's worksheet, which listed the $33,000 as a loan from plaintiff to defendant. However, the Court ultimately determined that Foster owed defendant $48,650.64 as an equalizer payment. At no point did the Court find that defendant owed Foster, or owe on a note due to Foster's mother. Further, at no point during the divorce proceedings did plaintiff attempt to assert a claim for an alleged loan.
In sum, the underlying financial transaction dated May 11, 2021 in the amount of $48,000 between plaintiff and defendant has already been litigated in the divorce proceedings and is now barred by the doctrine of res judicata. See e.g. Modica v Zergebel, 160 AD2d 689, 690 (2d Dept 1990) (internal citation omitted) (the plaintiffs' action, as well as the defendants' counterclaims, were barred under the doctrine of res judicata since the facts and issues raised thereby had been litigated in a prior action between the parties. Having failed to prove their claims in that action, they are barred from raising these claims anew in a subsequent action"). For the purposes of res judicata, although the plaintiff was not a party in the underlying divorce action, she is a party in privity with the prior parties. 
Further, the Court cannot re-examine these issues, which are now the law of the case, as [*4]the doctrine of law of the case "forecloses reexamination of an issue previously determined . . . ." Fishon v Richmond Univ. Med. Ctr., 171 AD3d 873, 874 (2d Dept 2019). As a result, plaintiff cannot assert her claim for breach of contract and/or unjust enrichment in the current action. 
Alternatively, as set forth below, the complaint is dismissed on the ground that the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law. 
Breach of Contract and Unjust Enrichment
In order to recover damages for breach of contract, plaintiff must demonstrate the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach. See Investment Retrievers, Inc. v Fox, 150 AD3d 1090 (2d Dept 2017). Here, defendant has produced documentary evidence conclusively establishing the lack of a contract between plaintiff and defendant. As noted, defendant has submitted bank statements and other documentary evidence indicating that the $48,000 was used to pay marital debt and was not a loan. In opposition, plaintiff argues that the money should not be presumed to be a gift, as the parties were not family members. Further, the memo line in the check stated "loan." Finally, plaintiff argues that the Court must allegedly accept the plaintiff's allegations as true that there was a contract between the parties. However, contrary to plaintiff's contentions, defendant has submitted documentary evidence conclusively establishing a defense as a matter of law. In addition, at the time of the alleged loan, the parties were family members, as defendant was married to plaintiff's daughter. Notably, although the complaint alleges that, upon information and belief, the parties executed an agreement, there is no loan agreement attached to the complaint. 
To successfully plead a claim for unjust enrichment, "[a] plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered." Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 (2011) (internal quotation marks and citations omitted). For the same reasons as above, plaintiff has failed to sufficiently plead a cause of action for unjust enrichment. 
Accordingly, defendant's motion to dismiss the complaint is granted and this Court need not address defendant's alternative reasons for dismissal. Defendant's request for sanctions is denied. 
Motion to Disqualify Counsel (motion sequence 005)
In brief, defendant moves to disqualify counsel on the basis that counsel's representation enables Foster to pursue the defendant through plaintiff despite an active order of protection. In addition, defendant alleges that counsel's representation of plaintiff in this action would violate Rules of Professional Conduct (22 NYCRR 1200.00) Rule 1.9(a) regarding former client confidentiality. 
As a result of this decision, the complaint is dismissed and this motion is denied as moot. Nonetheless, while the court notes that there was no attorney-client relationship between counsel and defendant, the order of protection directs that Foster have "no third party communication" with defendant. Although it is unclear at this time, if plaintiff's counsel contacted defendant for Foster's benefit or at her direction, counsel would be attempting to circumventing the no-contact order, in violation of Rule 8.4 (d). 
CONCLUSION
Accordingly, it is hereby
ORDERED that the defendant's motion to dismiss the complaint is granted (motion sequence 002); and it is further
ORDERED that the defendant's motion to disqualify is denied as moot (motion sequence 005); and it is further
ORDERED that plaintiff's complaint is dismissed in its entirety with costs and disbursements to said defendant, as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of this defendant. Case dismissed.
Dated: November 6, 2025
White Plains, New York
HON. WILLIAM J. GIACOMO, J.S.C.